FILED 09 SEP 23 PM 3:52 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

THE LAW OFFICES OF GARY W. GORSKI
Gary W. Gorski - SBN: 166526
1207 Front St., Suite 15
Sacramento, CA 95814
Tel. (916) 965-6800
Fax (916) 965-6801
usrugby@pacbell.net

Co-Counsel
THE LAW OFFICE OF DANIEL M. KARALASH
Daniel M. Karalash - SBN: 176422
Tel. (916) 787-1234
Fax (916) 787-0267
dmkaralash@surewest.net

LAW OFFICE OF DUSTIN MACFARLANE
Dustin MacFarlane - SBN: 262162
dustinmacfarlane@gmail.com

LAW OFFICE OF BRIAN KENNEDY
Brian Kennedy - SBN: 247961
brian_kennedy6@yahoo.com

Attorneys for Plaintiff

E-filing

TEH

THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESE MARIE PIZZO,

Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO MAYOR GAVIN NEWSOM, in both his individual and official capacities; FORMER SAN FRANCISCO POLICE DEPARTMENT; CHIEF OF POLICE HEATHER FONG, in both her individual and official capacities; SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE GEORGE GASCON, in his official capacity; SAN FRANCISCO SHERIFF MICHAEL HENNESSEY, in both his individual and official capacities; CITY AND COUNTY OF SAN FRANCISCO; and STATE OF CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN, in his official capacity,

Defendants.

CV Case No. 09 4493

**COMPLAINT FOR MONETARY DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF (42 U.S.C. § 1983)**

**DEMAND FOR JURY TRIAL**

**NOTICE OF UNCONSTITUTIONALITY OF FEDERAL AND STATE STATUTES**

## COMPLAINT

COMES NOW Plaintiff Therese Marie Pizzo ("Plaintiff") by and through her attorneys of record and complains of Defendants as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this action is founded on 28 U.S.C. § 1331 in that the action arises under the Constitution and laws of the United States of America, and under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of California and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims asserted herein under 28 U.S.C. § 1367 because such claims arise out of the same case or controversy as the federal claims.

3. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## INTRADISTRICT ASSIGNMENT

5. Pursuant to Civil Local Rule 3-2(c), this action arises in the County of San Francisco because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in that county.

6. Therefore, pursuant to the Rule, this action should be assigned to either the San Francisco or Oakland Division.

## THE PARTIES

7. Plaintiff is a competent adult, natural person, and citizen of the United States of America, residing in the City and County of San Francisco, California.

8. Plaintiff is a lesbian who resides with her same-sex registered domestic partner.

9. Plaintiff is often discriminated against and harassed due to her sexual orientation and living situation.

10. Because of this harassment, including violent threats and assaults, related to her sexual orientation and living situation, Plaintiff has a greater need than the average citizen, or a retired California peace officer, to exercise her right to self-defense guaranteed by the Second Amendment.

11. Plaintiff frequently travels out-of-state with her domestic partner, and on more than one occasion, has been assaulted and had her life threatened without provocation due to her sexual orientation.

12. These incidents typically occur in more rural areas of California and in rural areas out-of-state.

13. When these incidents occur in rural areas, Plaintiff must defend herself as she is often miles away from the nearest law enforcement.

14. Moreover, in California, neither active or retired law enforcement officers owe Plaintiff any civil duty to protect her.

15. Plaintiff has had no means to adequately defend or protect herself from such threats and assaults due to Defendants' enforcement of the laws challenged herein.

16. Plaintiff presently intends to possess a readily accessible operable handgun ready for immediate use, and loaded with proper ammunition, within her home for self-defense, on her person, and in her vehicle.

17. However, Plaintiff is prevented from doing so because of Defendants' unconstitutional enforcement of the code sections complained of herein.

18. Under Defendants' current statutory scheme, the only way Plaintiff may lawfully posses a loaded and fully functional handgun ready for immediate use in her home, on her person, or in her vehicle, is to be issued a valid CCW permit.

19. Plaintiff fears arrest, criminal prosecution, a fine, and imprisonment if she were to possess a functional handgun in her home, on her person, and in her vehicle.

20. On multiple occasions, Plaintiff has attempted to apply for a license to carry a concealed weapon ("CCW") permit in the City and County of San Francisco, California, not only for travel, but for use in her home as Plaintiff is prohibited from possessing a functional firearm in her home without one, even though State law permits Plaintiff to possess a loaded and functional firearm ready for immediate use.

21. Because of the complexity of the various state and local laws, Plaintiff was forced to retain the services of legal counsel to ensure that she complied with all state and local laws so that she would not be arrested and prosecuted by law enforcement.

22. In fact, because of the various nuances regarding the interplay between state and local firearm laws, a reasonable person cannot easily determine what is and what is not permitted.

23. On or about May 26, 2009, Plaintiff, through her attorney, contacted the San Francisco Police Department and San Francisco Sheriffs Office by letter, through e-mail, telephone and fax, regarding Defendant City and County's CCW application process. *See* Exhibits "1" and "2" attached hereto and incorporated herein.

24. On or about May 28, 2009, Plaintiff received a response from Defendant San Francisco Police Department. *See* Exhibit "3" attached hereto and incorporated herein.

25. In said response, Defendant San Francisco Police Department provided Plaintiff with an application for a CCW permit.

26. In said response, Plaintiff was also informed that she would be contacted by an "investigator" only if it became necessary to complete Section 7 of the application.

27. Section 7 of the application is titled "Investigator's Interview Notes."

28. Thus, San Francisco Police Department's response implied that there would be no need to conduct an investigation to determine Plaintiff's fitness to carry a concealed weapon, because regardless, her application would be denied.

29. On or about May 29, 2009, Plaintiff received a response from the San Francisco Sheriffs Office. *See* Exhibit "4" attached hereto and incorporated herein.

30. In said response, Plaintiff was informed that she may apply for a CCW permit by writing a letter to the Sheriff but that it would be a "useless exercise" and that her application would be

denied.

31. Also in this response, Plaintiff was informed that denying any and all applications submitted by individuals other than retired law enforcement personnel was the "right and practice" of the San Francisco Sheriffs Office "as it has been for twenty-nine (29) years."

32. For anyone other than retired law enforcement personnel, applying for a CCW permit in the City and/or County of San Francisco, California, is a futile exercise.

33. On or about June 4, 2009, Plaintiff filled out and signed the State of California, Department of Justice, Standard Application for CCW License, and mailed signed copies to the San Francisco Police Department and San Francisco Sheriffs Office. *See* Exhibit "5" attached hereto and incorporated herein.

34. Per the instructions on page two (2) of the application, Plaintiff filled out, read, and signed Sections 1 through 5 of the application.

35. Plaintiff submitted her application for a CCW to Defendants for processing and approval.

36. Plaintiff did not complete or sign Sections 6, 7, and 8, because, per the application instructions, they "must be completed in the presence of an official of the licensing agency" and Defendants refused to provide such an official.

37. On or about June 29, 2009, Plaintiff's attorney contacted the San Francisco Police Department and San Francisco Sheriffs Office regarding Plaintiff's CCW application.

38. Defendants claimed they could not locate a copy of Plaintiff's application.

39. Per Defendants' request, on June 29, 2009, Plaintiff's attorney faxed a copy of Plaintiff's application to both the San Francisco Police Department and San Francisco Sheriffs Office. *See* Exhibit "6" attached hereto and incorporated herein.

40. To date, Plaintiff has received no response from Defendants regarding her CCW applications.

41. Even after faxing, Plaintiff's attorney again made several phone calls to Defendants City and County of San Francisco regarding the status of Plaintiff's application, only to be put on hold several times and transferred and ultimately disconcerted.

42. Defendants' failure to respond is in violation of California Penal Code section 12052.5.

43. Defendant Gavin Newsom is the Mayor of the City and County of San Francisco, and as such

is responsible for executing and administering the laws, customs, practices, and policies of the City and County complained of in this action.

44. Defendant Mayor Newsom is an agent, servant, and/or employee of the Defendant City and County of San Francisco, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

45. Defendant Mayor Newsom is therefore sued in both his individual and official capacities.

46. Defendant Heather Fong is the former San Francisco Police Department Chief of Police, and as such was responsible for executing and administering the laws, customs, practices, and policies of the City and County complained of in this action.

47. Defendant Heather Fong was an agent, servant, and/or employee of the Defendant City and County of San Francisco, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and was responsible for enforcing the code sections complained of in this action.

48. Defendant Heather Fong denied Plaintiff's CCW permit application.

49. Defendant Heather Fong is therefore sued in both her individual and official capacities.

50. Defendant George Gascon is the San Francisco Police Department Chief of Police, and as such is responsible for executing and administering the laws, customs, practices, and policies of the City and County complained of in this action.

51. Defendant George Gascon is an agent, servant, and/or employee of the Defendant City and County of San Francisco, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

52. Defendant George Gascon denied Plaintiff's CCW permit application.

53. Defendant George Gascon is therefore sued in both his individual and official capacities.

54. Defendant Michael Hennessey is the San Francisco Sheriff, and as such is responsible for executing and administering the laws, customs, practices, and policies of the City and County complained of in this action.

55. Defendant Michael Hennessey is an agent, servant, and/or employee of the Defendant City and County of San Francisco, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this

action.

56. Defendant Michael Hennessey is therefore sued in his official capacity.

57. Defendant City and County of San Francisco is a municipal corporation acting by and under the laws of the State of California.

58. Defendant City and County of San Francisco is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983.

59. Defendant City and County of San Francisco is principally responsible for implementing and enforcing Sections 4512, 1290, and 613.10(g).

60. Defendant Edmund G. Brown is the State of California Attorney General, and as such is responsible for executing and administering the laws, customs, practices, and policies of the City and County complained of in this action.

61. Defendant Edmund G. Brown is an agent, servant, and/or employee of the State of California, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, and is responsible for enforcing the code sections complained of in this action.

62. Defendant Edmund G. Brown is therefore sued in his official capacity.

**INTRODUCTION AND SUMMARY OF AVERMENTS**

63. Plaintiff incorporates the above allegations as if set forth fully here.

64. Plaintiff brings this suit to challenge the validity of San Francisco Police Code sections 4512 ("Section 4512 "), 1290 ("Section 1290 "), and 613.10(g) ("Section 613.10(g)") enacted by Defendant City and County of San Francisco and enforced by Mayor Gavin Newsom, Police Chief George Gascon, Former Police Chief Heather Fong, Sheriff Michael Hennessey, and Attorney General Edmund G. Brown ("Defendants").

65. In addition, Plaintiff is challenging Defendants enforcement and application of California Penal Code Sections 12050, *et al.* ("C.P.C. § 12050, *et al.*") and 12031(b) ("C.P.C. § 12031(b)").

66. Furthermore, Plaintiff is challenging Defendants enforcement of the Law Enforcement

Officers Safety Act (LEOSA), codified at 18 U.S.C. §§ 926B, 926C.[1]

67. As applied and on their face, each of the aforementioned code sections violate Plaintiff's constitutional rights under the Second, Fourteenth, and Fifth Amendments to the United States Constitution. Additionally, the aforementioned code sections, with the exception of LEOSA, violate the Constitution and laws of the State of California.

68. The Second Amendment to the United States Constitution provides:

> A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed.

69. The Second Amendment guarantees the right of law-abiding citizens to publicly carry operational handguns for self-defense. *See District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). Recently, in *Heller*, the United States Supreme Court implicitly held that the right to keep and bear arms is a fundamental right. As follows, regulations infringing upon that right must meet heightened scrutiny. Although in *Heller* the Court did not explicitly state the right to keep and bears arms as fundamental, the case clearly forecloses the possibility that regulations aimed at the right pertaining to self-defense be subject only to rational basis review.

70. However, Plaintiff concedes that states retain the ability to (1) prohibit the carrying of handguns in specific, narrowly-defined, sensitive locations; (2) prohibit the carrying of arms that are not within the scope of Second Amendment protection; and (3) disqualify specific, particularly dangerous, individuals (e.g. convicted felons and the mentally institutionalized who pose a threat to themselves and/or others) from carrying handguns.

71. Regardless, states may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the right to carry handguns in an arbitrary or capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

72. Additionally, it is Plaintiff's position that the Second Amendment is incorporated to the

---

[1] Attached hereto as Exhibits 7 through 12 are true and correct copies of the code sections challenged herein.

states through the Due Process clause of the Fourteenth Amendment. This issue is currently pending *en banc* review by the Ninth Circuit Court of Appeals. *See Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009) (*pending en banc review*).

**A. San Francisco Police Code section 4512 violates the Second Amendment to the United States Constitution.**

73. Plaintiff incorporates the above allegations as if set forth fully here.

74. San Francisco Police Code section 4512[2] requires that handguns kept within the home be stored in a locked container or disabled with a trigger lock. Moreover, the trigger lock requirement set forth in Section 4512 has no exception for use in self-defense. Thus, Section 4512 requires Plaintiff and other residents to render and keep handguns inoperable and, in effect, useless for self-defense purposes. An individual who complies with this section and is faced with an emergency situation (e.g. an armed intruder breaking into the home), cannot lawfully have access to a readily accessible operable handgun ready for immediate use to protect herself from the intruder. Moreover, anyone who uses a handgun in self-defense is potentially subject to possible arrest and prosecution.

75. In *Heller*, the United States Supreme Court struck down a similar trigger lock ordinance. There, as here, the ordinance required that firearms in the home be rendered and kept inoperable at all times essentially making it impossible for citizens to use their firearms for the core lawful purpose of self-defense. *Id*. Therefore, in *Heller*, the U.S. Supreme Court held the ordinance unconstitutional. *Id*.

76. Defendants requirement that handguns in the home be stored in a locked container or disabled with a trigger lock likewise make it impossible for residents, including Plaintiff, to use handguns for the core lawful purpose of self-defense. As in *Heller*, Defendants' requirements here violate Plaintiff's right to exercise her Second Amendment right to keep and bear arms for her own self-defense and the defense of others.

**B. San Francisco Police Code section 1290 violates the Second Amendment to the United**

---

[2] A true and correct copy of Section 4512 is attached hereto as Exhibit "7" and incorporated herein.

**States Constitution.**

77. Plaintiff incorporates the above allegations as if set forth fully here.

78. Section 1290[3] prohibits the "discharge [of] any firearms" within the City and County of San Francisco. Further, Section 1290 provides no exception for discharges related to in-home self-defense. Thus, the section violates Plaintiff's and other residents' constitutional right to use a handgun in one's own home for self-defense and the defense of others.

**C. California Penal Code section 12050 *et al.* violates the Second Amendment to the United States Constitution.**

79. Plaintiff incorporates the above allegations as if set forth fully here.

80. California Penal Code section 12050, *et al.*[4] unconstitutionally provides sheriffs and police chiefs with absolute and unbridled discretion regarding the issuance of CCW permits. California Penal Code section 12050 states in relevant part:

> The sheriff of a county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying satisfies any one of the conditions specified in subparagraph (D) and has completed a course of training as described in subparagraph (E), ***may*** issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person...

(emphasis added). Pursuant to the section, even if an applicant has satisfied all requirements explicitly set forth by the statute, the sheriff is still vested with the authority to deny the application without any reason whatsoever. This is in contrast to the 37[5] states which employ

---

[3] A true and correct copy of Section 1290 is attached hereto as Exhibit "8" and incorporated herein.

[4] A true and correct copy of C.P.C. § 12050 *et al.* is attached hereto as Exhibit "9" and incorporated herein.

[5] The 37 states currently employing a "shall issue" policy are as follows: Alaska, Arizona, Arkansas, Colorado, Florida, Georgia, Idaho, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, and Wyoming.

a "shall-issue" policy under which a CCW will be granted to all applicants who meet certain criteria. In a shall-issue jurisdiction, the granting authority has no discretion in the awarding of the permit.

81. As discussed above, *Heller* clearly forecloses the possibility that regulations aimed at the right to keep and bear arms for self-defense be subject only to rational basis review.

82. California Penal Code section 12050, *et al.* cannot pass constitutional muster under either intermediate or strict scrutiny review because of the unbridled discretion left to sheriffs and police chiefs regarding an individual's Second Amendment right to keep and bear arms. Therefore, Section 12050, *et al.* violates Plaintiff's constitutional rights.

**D. Defendants' application and enforcement of California Penal Code section 12050 *et al.* violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.**

83. Plaintiff incorporates the above allegations as if set forth fully here.

84. California Penal Code section 12050.2 requires that a county sheriff and chief of a municipal police department publish and make available a written policy regarding the application and issuance process to obtain a license to carry a concealed firearm. *See* C.P.C. §§ 12050(a)(1) and 12050.2. Defendants do not, and have not, published and made available such a policy as required by California law.

85. On the San Francisco Police Department website, the Department provides a listing of "Permit Approvals." *See* Exhibit "13" attached hereto and incorporated herein. Included on this website are the types of permits issued by the San Francisco Police Department, the applicable code sections, and the applicable MPC sections. Noticeably absent from this website is any information pertaining to the issuance of a CCW permit.

86. However, based on information and belief, Defendants do have an unwritten policy in place. Defendants policy is simply to deny all applications for permits to carry a concealed weapon submitted by any and all applicants other than retired peace officers. *See* Exhibit "4" attached hereto and incorporated herein. This has been the practice of the San Francisco Sheriffs Office for the past twenty-nine (29) years.

87. Such a policy violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. In relevant part, the Fourteenth Amendment states:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

88. U.S. Const. amend. XIV, § 1. When it comes to self-defense, providing retired peace officers with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling state interest. *See Silveira v. Lockyer*, 312 F.3d 1052, 1088-92 (9th Cir. 2002). In fact, statistically speaking, a retired peace officer is less likely to be a victim of a violent crime as compared to an average citizen. When a state statute burdens a fundamental right or targets a suspect class, that statute receives heightened scrutiny under the Equal Protection clause of the Fourteenth Amendment. *Romer v. Evans*, 517 U.S. 620, 631 (1996). As discussed above, *Heller* clearly forecloses the possibility that regulations aimed at the right to keep and bear arms for self-defense be subject only to rational basis review.

89. In *Silveira v. Lockyer*, a case pre-dating *Heller*, the Ninth Circuit held that a state statue banning the sale or transfer of assault weapons in the State of California, but which also provided an exemption for retired peace officers, violated the Equal Protection clause of the Fourteenth Amendment. 312 F.3d at 1088-92. There, applying only rational basis review, the court could not find "*any* hypothetical rational basis for the exemption." *Id.* at 1090 (emphasis in original).

90. As follows, when it comes to the issuance of CCW permits for the purpose of self-defense, Defendants' disparate treatment of retired peace officers and ordinary law-abiding citizens cannot pass constitutional muster when reviewed under heightened scrutiny, or even rational basis scrutiny for that matter. Defendants' policy pertaining to the issuance of CCW permits is therefore in violation of the Equal Protection clause of the Fourteenth Amendment.

**E. California Penal Code section 12031(b) violates the Equal Protection clause of the**

**Fourteenth Amendment.**

91. Plaintiff incorporates the above allegations as if set forth fully here.

92. Furthermore, C.P.C. § 12031(a)(1)[6] prohibits the carrying of a loaded firearm on one's person or in one's vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory in the State of California. However, C.P.C. § 12031(b) provides an exemption for active and honorably retired peace officers.

93. Essentially, C.P.C. § 12031(b) creates three (3) classes of people: (1) active peace officers; (2) honorably retired peace officers; and (3) all others. Plaintiff concedes that the State likely has either an important or compelling interest in exempting active peace officers from the prohibitions set forth in C.P.C. § 12031(a)(1). However, as discussed above, when it comes to self-defense, providing retired peace officers with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling state interest. *See Silveira*, 312 F.3d at1088-92. As such, C.P.C. § 12031(b) violates the Equal Protection clause of the Fourteenth Amendment.

**F. Defendants' enforcement of the Law Enforcement Officers Safety Act violates the Equal Protection clause of the Fourteenth Amendment.**

94. Plaintiff incorporates the above allegations as if set forth fully here.

95. Furthermore, 18 U.S.C. §§ 926B, 926C, also referred to as the Law Enforcement Officers Safety Act ("LEOSA")[7], allows a "qualified law enforcement officer" or a "qualified retired law enforcement officer" that meets specified criteria to carry a concealed firearm anywhere in the United States, notwithstanding most other state and local laws which restrict the possession of concealed weapons. Again, LEOSA essentially creates three (3) classes of people: (1) qualified law enforcement officers; (2) qualified retired law enforcement officers; and (3) all others.

96. Plaintiff concedes that the government likely has either an important or compelling interest in

---

[6] A true and correct copy of C.P.C. §§ 12031(a) and (b) are attached hereto as Exhibit "10" and incorporated herein.

[7] A true and correct copy of LEOSA is attached hereto as Exhibit "11" and incorporated herein.

allowing qualified law enforcement officers who are conducting official law enforcement activities to carry a concealed firearm anywhere in the country. However, as discussed above, when it comes to self-defense, providing qualified retired law enforcement officers with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling governmental interest. *See Silveira*, 312 F.3d at1088-92.

97. Moreover, allowing a qualified law enforcement officer who is not conducting official law enforcement activities to carry a concealed firearm likewise does not further either an important or compelling governmental interest.

98. As such, LEOSA violates the Equal Protection clause of the Fourteenth Amendment.

**G. San Francisco Police Code section 613.10(g) violates the Second Amendment.**

99. Plaintiff incorporates the above allegations as if set forth fully here.

100. San Francisco Police Code section 613.10(g)[8], bans the sale, lease, or transfer (and consequently the purchase), of ammunition that "[s]erves no sporting purpose" and ammunition that is "designed to expand upon impact." Self-defense is not a sport. Consequently, ammunition used for self-defense serves no sporting purpose. Moreover, ammunition that expands on impact is precisely the type of ammunition most suitable for self-defense, especially in close quarters such as within one's home. This is true because ammunition that expands upon impact has greater stopping power and is less likely to pass through the intended target or ricochet off hard surfaces and injure innocent bystanders.

101. For these same reasons, this type of ammunition is used and often preferred by law enforcement officers. Defendants recognize this fact as evidenced by the exception provided in Section 613.10(g)(2) for the purchase of "conventional hollow-point ammunition" when the purchase is made for official law enforcement purposes.

102. Prohibiting law-abiding citizens from using the type of ammunition best suited for self-defense significantly infringes upon Plaintiff's fundamental right to self-defense, which is at the core of the Second Amendment right to keep and bear arms. Such an infringement is not

[8] A true and correct copy of Section 613.10(g) is attached hereto as Exhibit "12" and incorporated herein.

permissible under the United States Constitution.

**H. San Francisco Police Code section 613.10(g) violates the Fifth Amendment right to Due Process.**

103. Plaintiff incorporates the above allegations as if set forth fully here.

104. Additionally, Section 613.10(g) is vague and overbroad in violation of the Fifth Amendment right to Due Process. The undefined phrase, "serves no sporting purpose," fails to adequately inform Plaintiff, or anyone, about which ammunition is in fact banned. The section fails to provide explicit standards for those who must apply it and thus impermissibly delegates basic policy matters to law enforcement officers, judges, and juries for resolution on an *ad hoc* and subjective basis. With this comes the attendant dangers of arbitrary and discriminatory application of Defendants' ban on the sale of certain types of ammunition.

105. Moreover, the ambiguous phrase "serves no sporting purpose," inevitably leads both sellers and buyers of ammunition to steer far wider of the unlawful zone of conduct than if the boundaries of the prohibited areas were clearly defined. This practice significantly impairs Plaintiff's ability to exercise her right to keep and bear arms under the Second Amendment.

**I. Sections 4512, 1290, 613.l0(g) and C.P.C. § 12050, *et al.* violate the Constitution and laws of the State of California.**

106. Plaintiff incorporates the above allegations as if set forth fully here.

107. Furthermore, Sections 4512, 1290, 613.l0(g) and C.P.C. § 12050, *et al.,* challenged herein under federal law, also violate the Constitution and laws of the State of California. California law and public policy authorize law-abiding Californians to use firearms in self-defense and for the defense of others in their homes and businesses. *Fiscal v. City and County of San Francisco*, 158 Cal.App.4th 895, 907-908 (2008).

108. Moreover, under California law, government agencies and law enforcement officers have no duty to protect individual citizens from harm. *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1126-30 (2002). In *Zelig*, the California Supreme Court unanimously held that, "the general rule is that although the government may assume responsibility for providing adequate police protection against third party violence, this does not create a legal duty that

normally will give rise to civil liability." *Id.* at 1126. Therefore, it is the responsibility of individual citizens to protect themselves from violence.

109. Moreover, the California Constitution guarantees certain inalienable rights. Cal. Const. art. 1, § 1. Among them is the right to defend one's life, liberty, and property. *Id.* Section 1 of the California Constitution provides:

> All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

110. Additionally, C.P.C. § 12026(b) guarantees the right of law-abiding responsible adult citizens to acquire and possess handguns within their own homes and offices for the purpose of exercising their Constitutional right to self-defense. C.P.C. § 12026(b) states:

> No permit or license to purchase, own, possess, keep, or carry, either openly or concealed, shall be required of any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code, to purchase, own, possess, keep, or carry, either openly or concealed, a pistol, revolver, or other firearm capable of being concealed upon the person within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident.

111. Implicit in C.P.C. § 12026(b), is the right to use and discharge a lawfully possessed handgun for the defense of self, family, home and/or business, if and when necessary.

112. However, as discussed above, Section 4512 requires that handguns in the home be stored in a locked container or disabled with a trigger lock making it impossible for residents, including Plaintiff, to use handguns for the core lawful purpose of self-defense.

113. Additionally, as discussed above, Section 1290 prohibits the discharge of any firearms within the City and County of San Francisco and provides no exception for discharges related to in-home self-defense.

114. Furthermore, Section 613.10(g), bans the sale (and consequently the purchase) of ammunition that is best suited for self-defense in close quarters such as within one's home.

115. Finally, C.P.C. § 12050, *et al.* unconstitutionally provides sheriffs and police chiefs with absolute and unbridled discretion regarding the issuance of CCW permits.

116. Thus, these code sections are in violation of the Constitution and laws of the State of California.

**J. Defendants' unconstitutional application and enforcement of the code sections challenged herein violate Plaintiff's right to travel guaranteed by both Article IV, Section 2 of the United States Constitution and the Privileges or Immunities clause of the Fourteenth Amendment.**

117. Plaintiff incorporates the above allegations as if set forth fully here.

118. The United States Constitution guarantees citizens the right to travel. *See Saenz v. Roe*, 526 U.S. 489, 500-05 (1999). Defendants denial of Plaintiff's application for a CCW permit unconstitutionally interferes with that right. Plaintiff not only wishes to protect herself with a readily accessible operable handgun ready for immediate use, and loaded with proper ammunition, within the sanctity of her own home, but also wishes to provide herself with that same protection when she travels. Arizona, Idaho, Indiana, Kentucky, Missouri, Montana, Oklahoma, South Dakota, Tennessee, Texas, and Utah all honor CCW permits issued by the State of California. But for Defendants' denial of Plaintiff's CCW application, Plaintiff could travel to these states and lawfully protect herself with a loaded handgun readily accessible for immediate use. However, because of Defendants' denial of her application, Plaintiff is deterred from traveling interstate because she is not able to adequately protect herself.

**K. Defendants' unconstitutional application and enforcement of the code sections challenged herein violate Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution.**

119. Plaintiff incorporates the above allegations as if set forth fully here.

120. At a minimum, the Second Amendment to the United States Constitution guarantees citizens the right to in home self-defense and the defense of others. The Constitution and laws of the

State of California authorize law-abiding Californians to use firearms in self-defense and for the defense of others in their homes and businesses. Defendants' application and enforcement of the code sections challenged herein significantly impair Plaintiff's, and others, ability to exercise their constitutionally guaranteed right to self-defense without the due process of law. Defendants' application and enforcement of the code sections challenged herein are therefore in violation of the Due Process clause of the Fourteenth Amendment.

121. Accordingly, Plaintiff seeks declaratory and injunctive relief to invalidate Defendants' unconstitutional enforcement of Sections 4512, 1290, 613.10(g), C.P.C. §§ 12050, *et al.* and 12031(b), and LEOSA.

**GENERAL ALLEGATIONS**

122. Plaintiff incorporates the above allegations as if set forth fully here.

123. The Second Amendment provides:

> A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed.

124. The Second Amendment guarantees the right of law-abiding citizens to publicly carry operational handguns for self-defense.

125. Recently in *Heller*, the United States Supreme Court interpreted the Second Amendment to at a minimum guarantee the right of responsible, law-abiding adult citizens to keep firearms in their own homes, in an operable state, ready for immediate use, for the purpose of self-defense and the defense of others.

126. States may not completely ban the carrying of handguns for self-defense.

127. States may not deny individuals the right to carry handguns in non-sensitive places.

128. States may not deprive individuals of the right to carry handguns in an arbitrary or capricious manner.

129. States may not impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

130. The Fourteenth Amendment to the United States Constitution provides in part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of

> life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

131. All rights and privileges guaranteed to the people by the Second Amendment extend through the Due Process Clause of the Fourteenth Amendment so as to apply to all state and local governmental entities, including Defendants.

132. But for Defendants' enforcement of the code sections complained of herein, Plaintiff would possess an operable handgun ready for immediate use, and loaded with proper ammunition, for self-defense and the defense of others in her home.

**FIRST CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF SECTION 4512**
**Violation of the Second Amendment Right to Keep and Bear Arms**

133. Plaintiff incorporates the above allegations as if set forth fully here.

134. In August 2007, Defendant Mayor Newsom signed into law, and Defendants began enforcing, Section 4512, which provides in part:

> No person shall keep a handgun within a residence unless the handgun is stored in a locked container or disabled with a trigger lock that has been approved by the California Department of Justice.

135. Section 4512 requires Plaintiff and other residents to render and keep handguns in an inoperable state.

136. Section 4512, in effect, renders handguns useless for self-defense purposes.

137. The trigger lock requirement set forth in Section 4512 has no exception for use in self-defense.

138. An individual who complies with this section and is faced with an emergency situation (e.g. an armed intruder breaking into the home), cannot lawfully have access to a readily accessible operable handgun ready for immediate use to protect herself from the intruder.

139. Recently, in *Heller*, the United States Supreme Court struck down a similar trigger lock ordinance.

140. In *Heller*, as here, the ordinance required that firearms in the home be rendered and kept inoperable at all times essentially making it impossible for citizens to use their firearms for the core lawful purpose of self-defense.

141. As in *Heller*, Defendants' requirements here violate Plaintiff's right to exercise her Second Amendment right to keep and bear arms for her own self-defense and the defense of others.

142. Defendants continued enforcement of Section 4512 under color of state law impermissibly infringes upon Plaintiff's constitutional rights, including her right to keep and bear arms as guaranteed by the Second Amendment.

143. As a direct and proximate result of Defendants' violation of Plaintiff's Second Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**SECOND CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF SECTION 1290**
**Violation of the Second Amendment Right to Keep and Bear Arms**

144. Plaintiff incorporates the above allegations as if set forth fully here.

145. Section 1290 prohibits the "discharge [of] any firearms" within the City and County of San Francisco.

146. Section 1290 provides no exception for discharges related to in-home self-defense.

147. Section 1290 violates Plaintiff's and other residents' constitutional right to use a handgun in one's own home for self-defense and the defense of others.

148. Defendants continued enforcement of Section 1290 under color of state law impermissibly infringes upon Plaintiff's constitutional rights, including her right to keep and bear arms as guaranteed by the Second Amendment.

149. As a direct and proximate result of Defendants' violation of Plaintiff's Second Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**THIRD CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF C.P.C. § 12050, *et al.***
**Violation of the Second Amendment Right to Keep and Bear Arms**

150. Plaintiff incorporates the above allegations as if set forth fully here.

151. California Penal Code section 12050, *et al.* provides sheriffs and police chiefs with absolute and unbridled discretion regarding the issuance of CCW permits when the applicant is anyone other than a retired California peace officer.

152. This is in contrast to the 37 states which employ a "shall-issue" policy under which a CCW will be granted to all applicants who meet certain criteria.

153. In a shall-issue jurisdiction, the granting authority has no discretion in the awarding of the permit.

154. In *Heller*, the United States Supreme Court implicitly held that the right to keep and bear arms is a fundamental right.

155. Regulations infringing upon a fundamental right must meet heightened scrutiny.

156. Although in *Heller* the U.S. Supreme Court did not explicitly state the right to keep and bears arms as fundamental, the case forecloses the possibility that regulations aimed at the right pertaining to self-defense be subject only to rational basis review.

157. California Penal Code section 12050, *et al.* cannot pass constitutional muster under either intermediate or strict scrutiny review because of the unbridled discretion left to sheriffs and police chiefs regarding an individual's Second Amendment right to keep and bear arms.

158. Defendants continued enforcement of Section 1290 under color of state law impermissibly infringes upon Plaintiff's constitutional rights, including her right to keep and bear arms as guaranteed by the Second Amendment.

159. As a direct and proximate result of Defendants' violation of Plaintiff's Second Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

## FOURTH CLAIM FOR RELIEF: UNCONSTITUTIONALITY OF C.P.C. § 12050, *et al.* Violation of the Equal Protection clause of the Fourteenth Amendment

160. Plaintiff incorporates the above allegations as if set forth fully here.

161. California Penal Code section 12050.2 requires that a county sheriff and chief of a municipal police department publish and make available a written policy regarding the application and issuance process to obtain a license to carry a concealed firearm.

162. Defendants have not published and made available such a policy as required by California law.

163. Defendants currently do not have a published policy available to the public as required by

California law.

164. On the San Francisco Police Department website, the Department provides a listing of "Permit Approvals."

165. Included on this website are the types of permits issued by the San Francisco Police Department, the applicable code sections, and the applicable MPC sections.

166. Absent from this website is any information pertaining to the issuance of a CCW permit.

167. Defendants do have an unwritten policy in effect regarding the processing of CCW permit applications.

168. Defendants policy is to deny all applications for CCW permits submitted by any and all applicants other than retired peace officers.

169. Such a policy violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

170. When it comes to self-defense, providing retired peace officers with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling state interest.

171. Statistically speaking, a retired peace officer is less likely to be a victim of a violent crime as compared to an average citizen.

172. When a state statute burdens a fundamental right or targets a suspect class, that statute receives heightened scrutiny under the Equal Protection clause of the Fourteenth Amendment.

173. *Heller* forecloses the possibility that regulations aimed at the right to keep and bear arms for self-defense be subject only to rational basis review.

174. In *Silveira v. Lockyer*, a case pre-dating *Heller*, the Ninth Circuit held that a state statue banning the sale or transfer of assault weapons in the State of California, but which also provided an exemption for retired peace officers, violated the Equal Protection clause of the Fourteenth Amendment.

175. There, applying only rational basis review, the court could not find "*any* hypothetical rational basis for the exemption."

176. When it comes to the issuance of CCW permits for the purpose of self-defense, Defendants'

disparate treatment of retired peace officers and ordinary law-abiding citizens cannot pass constitutional muster when reviewed under heightened scrutiny.

177. When it comes to the issuance of CCW permits for the purpose of self-defense, Defendants' disparate treatment of retired peace officers and ordinary law-abiding citizens cannot pass constitutional muster when reviewed under rational basis review.

178. Defendants' policy pertaining to the issuance of CCW permits is in violation of the Equal Protection clause of the Fourteenth Amendment.

179. Defendants continued application of C.P.C. § 12050, *et al.* under color of state law impermissibly infringes upon Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment.

180. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**FIFTH CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF C.P.C. § 12031(b)**
**Violation of the Equal Protection clause of the Fourteenth Amendment**

181. Plaintiff incorporates the above allegations as if set forth fully here.

182. California Penal Code section 12031(a)(1) prohibits the carrying of a loaded firearm on one's person or in one's vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory in the State of California.

183. California Penal Code section 12031(b) provides an exemption to C.P.C. § 12031(a)(1) for active and honorably retired peace officers.

184. Essentially, C.P.C. § 12031(b) creates three (3) classes of people: (1) active peace officers; (2) honorably retired peace officers; and (3) all others.

185. When it comes to self-defense, providing retired peace officers with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling state interest.

186. As such, C.P.C. § 12031(b) violates the Equal Protection clause of the Fourteenth Amendment.

187. Defendants continued enforcement of C.P.C. § 12031(b) under color of state law

impermissibly infringes upon Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment.

188. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**SIXTH CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF LEOSA**
**Violation of the Equal Protection Clause of the Fourteenth Amendment**

189. Plaintiff incorporates the above allegations as if set forth fully here.

190. The Law Enforcement Officers Safety Act ("LEOSA"), codified at 18 U.S.C. §§ 926B, 926C, allows a "qualified law enforcement officer" or a "qualified retired law enforcement officer" that meets specified criteria to carry a concealed firearm anywhere in the United States, notwithstanding most other state and local laws which restrict the possession of concealed weapons.

191. LEOSA essentially creates three (3) classes of people: (1) qualified law enforcement officers; (2) qualified retired law enforcement officers; and (3) all others.

192. When it comes to self-defense, providing qualified retired law enforcement officers with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling governmental interest.

193. When it comes to self-defense, providing qualified law enforcement officers, who are not conducting official law enforcement activities, with superior rights to that of ordinary law-abiding citizens does not further either an important or compelling governmental interest.

194. As such, LEOSA violates the Equal Protection clause of the Fourteenth Amendment.

195. Defendants continued enforcement of LEOSA under color of state law impermissibly infringes upon Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment.

196. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**SEVENTH CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF SECTION 613.10(g)**
**Violation of the Second Amendment Right to Keep and Bear Arms**

197. Plaintiff incorporates the above allegations as if set forth fully here.

198. San Francisco Police Code section 613.10(g), bans the sale, lease, or transfer (and consequently the purchase), of ammunition that "[s]erves no sporting purpose" and ammunition that is "designed to expand upon impact."

199. Self-defense is not a sport.

200. Ammunition used for self-defense serves no sporting purpose.

201. Ammunition that expands on impact is suitable for use in self-defense.

202. Ammunition that expands on impact is precisely the type of ammunition most suitable for self-defense, especially in close quarters such as within one's home.

203. Ammunition that expands on impact has greater stopping power.

204. Ammunition that expands on impact is less likely to pass through the intended target.

205. Ammunition that expands on impact is less likely to ricochet off hard surfaces and injure innocent bystanders.

206. Ammunition that expands on impact is used and often preferred by law enforcement officers.

207. Section 613.10(g)(2) provides an exemption for the purchase of "conventional hollow-point ammunition" when the purchase is made for official law enforcement purposes.

208. Prohibiting law-abiding citizens from using the type of ammunition best suited for self-defense significantly infringes upon Plaintiff's fundamental right to self-defense.

209. The right to self-defense is at the core of the Second Amendment right to keep and bear arms.

210. Section 613.10(g)(2) violates the Second Amendment to the United States Constitution.

211. Defendants continued enforcement of 613.10(g)(2) under color of state law impermissibly infringes upon Plaintiff's constitutional rights guaranteed by the Second Amendment.

212. As a direct and proximate result of Defendants' violation of Plaintiff's Second Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**EIGHTH CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF SECTIONS 613.10(g)**
**Violation of the Fifth Amendment Right to Due Process**

213. Plaintiff incorporates the above allegations as if set forth fully here.

214. Section 613.10(g) is vague and overbroad.

215. "[S]erves no sporting purpose," as used in Section 613.10(g), is an undefined phrase.

216. The undefined phrase, "serves no sporting purpose," fails to adequately inform Plaintiff, or anyone, about which ammunition is in fact banned.

217. Section 613.10(g) fails to provide explicit standards for those who must apply it.

218. Section 613.10(g) impermissibly delegates basic policy matters to law enforcement officers, judges, and juries for resolution on an *ad hoc* and subjective basis.

219. With this comes the attendant dangers of arbitrary and discriminatory application of Defendants' ban on the sale of certain types of ammunition.

220. The ambiguous phrase "serves no sporting purpose," inevitably leads both sellers and buyers of ammunition to steer far wider of the unlawful zone of conduct than if the boundaries of the prohibited areas were clearly defined.

221. This practice significantly impairs Plaintiff's ability to exercise her right to keep and bear arms under the Second Amendment.

222. Defendants continued enforcement of 613.10(g)(2) under color of state law impermissibly infringes upon Plaintiff's constitutional rights guaranteed by the Fifth Amendment.

223. As a direct and proximate result of Defendants' violation of Plaintiff's Fifth Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**NINTH CLAIM FOR RELIEF:**
**INVALIDITY OF SECTIONS 4512, 1290, 613.l0(g) and C.P.C. § 12050, *et al.***
**Violation of the Constitution and laws of the State of California**

224. Plaintiff incorporates the above allegations as if set forth fully here.

225. Section 4512 violates the Constitution and laws of the State of California.

226. Section 1290 violates the Constitution and laws of the State of California.

227. Section 613.l0(g) violates the Constitution and laws of the State of California.

228. California Penal Code section 12050, *et al.,* violates the Constitution and laws of the State of California.

229. California law and public policy authorize law-abiding Californians to use firearms in self-defense and for the defense of others in their homes and businesses.

230. Under California law, government agencies and law enforcement officers have no duty to protect individual citizens from harm.

231. In *Zelig*, the California Supreme Court unanimously held that, "the general rule is that although the government may assume responsibility for providing adequate police protection against third party violence, this does not create a legal duty that normally will give rise to civil liability."

232. Therefore, it is the responsibility of individual citizens to protect themselves from violence.

233. The California Constitution guarantees certain inalienable rights, including the right to defend one's life, liberty, and property.

234. California Penal Code 12026(b) guarantees the right of law-abiding responsible adult citizens to acquire and possess handguns within their own homes and offices for the purpose of exercising their constitutional right to self-defense.

235. Implicit in C.P.C. § 12026(b), is the right to use and discharge a lawfully possessed handgun for the defense of self, family, home and/or business, if and when necessary.

236. Section 4512 requires that handguns in the home be stored in a locked container or disabled with a trigger lock.

237. This requirement makes it impossible for residents, including Plaintiff, to use handguns for the core lawful purpose of self-defense.

238. Section 1290 prohibits the discharge of any firearms within the City and County of San Francisco.

239. Section 1290 provides no exception for discharges related to in-home self-defense.

240. Section 613.10(g), bans the sale (and consequently the purchase) of ammunition that is best suited for self-defense in close quarters such as within one's home.

241. California Penal Code section 12050, *et al.* unconstitutionally provides sheriffs and police

chiefs with absolute and unbridled discretion regarding the issuance of CCW permits.

242. Based on the facts and averments stated above, sections 4512, 1290, 613.10(g) and C.P.C. § 12050, *et al.* violate the Constitution and laws of the State of California.

243. Defendants' continued enforcement of the sections complained of herein under color of state law impermissibly infringes upon Plaintiff's rights guaranteed by the Constitution and laws of the State of California.

244. As a direct and proximate result of Defendants' violation of Plaintiff's rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief.

**TENTH CLAIM FOR RELIEF:**
**INVALIDITY OF SECTIONS 4512, 1290, 613.10(g) and C.P.C. § 12050, *et al.***
**Violation of the Due Process Clause of the Fourteenth Amendment**

245. Plaintiff incorporates the above allegations as if set forth fully here.

246. At a minimum, the Second Amendment to the United States Constitution guarantees citizens the right to in home self-defense and the defense of others.

247. The Constitution and laws of the State of California authorize law-abiding Californians to use firearms in self-defense and for the defense of others in their homes and businesses.

248. Defendants' application and enforcement of the code sections challenged herein significantly impairs Plaintiff's, and others, ability to exercise their constitutionally guaranteed right to self-defense without the due process of law.

249. Defendants' application and enforcement of the code sections challenged herein are therefore in violation of the Due Process clause of the Fourteenth Amendment.

250. Defendants continued enforcement of the code sections under color of state law impermissibly infringes upon Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment.

251. As a direct and proximate result of Defendants' violation of Plaintiff's Fourteenth Amendment rights, Plaintiff has suffered irreparable and immediate harm and she is entitled to declaratory and injunctive relief under 42 U.S.C. §§ 2201 and 2202.

**DECLARATORY JUDGMENT AVERMENTS**

252. Plaintiff incorporates the above allegations as if set forth fully here.

253. There is an actual and present controversy between the parities hereto.

254. Plaintiff contends that Defendants enforcement of Sections 4512, 1290, 613.10(g), and C.P.C §§ 12050, *et al.* and 12031(b), and LEOSA, violate her constitutional rights.

255. However, Defendants continue to enforce these sections.

256. A declaration by this Court enjoining Defendants from enforcing Sections 4512, 1290, 613.10(g), and C.P.C §§ 12050, *et al.* and 12031(b), and LEOSA, would resolve the controversy between the parties.

**INJUNCTIVE RELIEF AVERMENTS**

257. Plaintiff incorporates the above allegations as if set forth fully here.

258. If an injunction does not issue enjoining Defendants from enforcing Sections 4512, 1290, 613.10(g), and C.P.C §§ 12050, *et al.* and 12031(b), and LEOSA,, Plaintiff will continue to be subject to substantial and immediate irreparable injury.

259. Plaintiff is presently and continuously injured by Defendants' enforcement of these sections.

260. If not enjoined by this Court, Defendants will continue to unconstitutionally enforce Sections 4512, 1290, 613.10(g), and C.P.C §§ 12050, *et al.* and 12031(b), and LEOSA.

261. Further, Plaintiff does not have an adequate remedy at law.

262. Damages are indeterminate and/or unascertainable and any remedy at law would not fully redress the harm suffered by Plaintiff.

263. Plaintiff's right to protect herself and others in her own home by possessing an operable handgun ready for immediate use, and loaded with proper ammunition, cannot be replaced by money.

264. Ultimately, Defendants' continued unconstitutional infringement of her constitutional right to possess an operable handgun ready for immediate use, and loaded with proper ammunition, for self-defense and the defense of others could result in severe bodily injury or even death to Plaintiff.

265. Further, enjoining Defendants enforcement of these code sections is in the public interest.

266. Other law-abiding citizens similarly situated to Plaintiff are also injured by Defendants unconstitutional enforcement of these sections.

267. Accordingly, injunctive relief is appropriate.

**DEMAND FOR JURY TRIAL**

268. Plaintiff demands a trial by jury.

**REQUEST FOR ATTORNEYS' FEES**

269. If Plaintiff is the prevailing party, Plaintiff respectfully requests remedies available pursuant to 42 U.S.C. § 1983 and for an award of reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5, and/or any other applicable rule or statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendants as follows:

1.) A declaration that San Francisco Police Code section 4512 violates the Second Amendment to the United States Constitution;

2.) A declaration that San Francisco Police Code section 1290 violates the Second Amendment to the United States Constitution;

3.) A declaration that California Penal Code section 12050 *et al.* violates the Second Amendment to the United States Constitution.

4.) A declaration that Defendants' enforcement of California Penal Code section 12050 *et al.* violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

5.) A declaration that California Penal Code section 12031(b) violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

6.) A declaration that Defendants' enforcement of the Law Enforcement Officers Safety Act violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.

7.) A declaration that San Francisco Police Code section 613.10(g) violates the

Second Amendment to the United States Constitution.

8.) A declaration that San Francisco Police Code section 613.10(g) violates the Fifth Amendment right to Due Process.

9.) A declaration that Sections 4512, 1290, 613.l0(g) and C.P.C. § 12050, *et al.* violate the Constitution and laws of the State of California.

10.) A declaration that Defendants application and enforcement of Sections 4512, 1290, 613.l0(g), and C.P.C. §§ 12050, *et al.* and 12031(b), and LEOSA violate Plaintiff's right to travel guaranteed by both Article IV, Section 2 of the United States Constitution and the Privileges or Immunities clause of the Fourteenth Amendment.

11.) A declaration that Defendants application and enforcement of Sections 4512, 1290, 613.l0(g), and C.P.C. §§ 12050, *et al.* and 12031(b), and LEOSA violate Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution.

12.) An injunction permanently enjoining Defendants from enforcing Sections 4512, 1290, 613.l0(g), and C.P.C. §§ 12050, *et al.* and 12031(b), and LEOSA.

13.) For remedies available pursuant to 42 U.S.C. § 1983 and for an award of reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5, and/or any other applicable rule or statute.

14.) Such other relief as this Court deems just and equitable.

Dated: September 21, 2009

THE LAW OFFICES OF GARY W. GORSKI
Respectfully Submitted,
/s/ Gary W. Gorski
Gary W. Gorski
Attorney for Plaintiffs

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page32 of 77

# Exhibit "1"

- 32 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page33 of 77

**Letter and fax from Gary W. Gorski to San Francisco Police Department and San Francisco Sheriffs Office, Dated May 26, 2009**

*Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_01."*

- 33 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial

Law Offices of
**GARY W. GORSKI**

8549 Nephi Way
Fair Oaks, CA 95628
(916) 965-6800
Facsimile (916) 965-6801

usrughy@pachell.net

* Admitted in California and Pennsylvania

May 26, 2009

**VIA REGULAR MAIL, EMAIL AND FAX**

Chief of Police
Heather J. Fong
850 Bryant St., #525
San Francisco, CA 94103
Fax (415)553-1554
sfpdpbaf@pacbell.net
SFPDCentralStation@ci.sf.ca.us
sfpd.online@sfgov.org

Sheriff Michael Hennessey
City Hall, Room 456
1 Carlton Goodlett Place
San Francisco, CA 94102
Fax: (415) 554-7050
sheriff@sfgov.org

**RE:** ***Public Records Request and Demand for Interview of CCW Applicant to comply with Section 7 of the application with witness signature.***

Dear Sheriff Hennessey and Chief Fong:

I have been retained by a gay female who has been attempting to apply for a CCW, which, under California Penal Code Section 12050(a)(1)(B), allows a sheriff and/or chief of police of a municipal police department the discretion to issue a "license to carry a pistol, revolver, or other firearm capable of being concealed upon the person ..." To date, her attempts have been futile as there is no published policy on either website about the CCW application process and your employees have been obstructive to say the least.

When my client attempted to apply by contacting your departments, she was given the run-around in that 1) employees had no knowledge of any CCW policy, 2) had no knowledge about how to apply, and 3) they stated that your department does not process CCW applications.

05/26/09 15:58 916.965.6801 Gary W. Gorski Page 2/2
Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page35 of 77

Letter to Sheriff Hennessey and Chief Fong
**RE**: **Public Records Request and Demand for Interview of CCW Applicant to comply with Section 7 of the application with witness signature.**
May 26, 2009
Page 2 of 2

---

This letter constitutes a formal request for the following, pursuant to the Public Records Act:

1) Please provide a DOJ CCW application.

2) Please provide a list of all current and past CCW permit holders since your tenure in office, inclusive of all good cause data relied upon for issuance.

3) Please provide a copy of your written CCW issuance policy.

4) If your department defers to the other for the processing of CCWs, please provide that policy or letter of understanding.

In addition to this request, **please provide a date and time that my client can meet with an "investigator"** of your department to complete section 7 of the application, and have the application "witnessed" by the investigator and "signed."

You may email and fax the information to my office to expedite the process. My email is usrugby@pacbell.net and fax is 916-965-6801.

Thank you for your consideration in this regard and I look forward to an amicable resolution to this problem so that we can tend to other business.

Very truly yours,
LAW OFFICES OF GARY W. GORSKI

***/s/ Gary W. Gorski***
Gary W. Gorski
Attorney at Law

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page36 of 77

# Exhibit "2"

- 34 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page37 of 77

**E-mail from Gary W. Gorski to San Francisco Police Department and San Francisco Sheriffs Office, Dated May 26, 2009**

*Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_02."*

- 35 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

**Gary W. Gorski**

---

**From:** Gary W. Gorski [usrugby@pacbell.net]

**Sent:** Tuesday, May 26, 2009 3:57 PM

**To:** sfpdpbaf@pacbell.net; SFPDCentralStation@ci.sf.ca.us; sfpd.online@sfgov.org; sheriff@sfgov.org

**Cc:** usrugby@pacbell.net

**Subject:** Public Records Request and Demand for Interview of CCW Applicant to comply with Section 7 of the application with witness signature.

**Attachments:** DemandLetter.pdf

Chief of Police
Heather J. Fong
850 Bryant St., #525
San Francisco, CA 94103
Fax (415)553-1554
sfpdpbaf@pacbell.net
SFPDCentralStation@ci.sf.ca.us
sfpd.online@sfgov.org

Sheriff Michael Hennessey
City Hall, Room 456
1 Carlton Goodlett Place
San Francisco, CA 94102
Fax: (415) 554-7050
sheriff@sfgov.org

**RE:** ***Public Records Request and Demand for Interview of CCW Applicant to comply with Section 7 of the application with witness signature.***

Dear Sheriff Hennessey and Chief Fong:

I have been retained by a gay female who has been attempting to apply for a CCW, which, under California Penal Code Section 12050(a)(1)(B), allows a sheriff and/or chief of police of a municipal police department the discretion to issue a "license to carry a pistol, revolver, or other firearm capable of being concealed upon the person ..." To date, her attempts have been futile as there is no published policy on either website about the CCW application process and your employees have been obstructive to say the least.

When my client attempted to apply by contacting your departments, she was given the run-around in that 1) employees had no knowledge of any CCW policy, 2) had no knowledge about how to

apply, and 3) they stated that your department does not process CCW applications.

This letter constitutes a formal request for the following, pursuant to the Public Records Act:

1) Please provide a DOJ CCW application.

2) Please provide a list of all current and past CCW permit holders since your tenure in office, inclusive of all good cause data relied upon for issuance.

3) Please provide a copy of your written CCW issuance policy.

4) If your department defers to the other for the processing of CCWs, please provide that policy or letter of understanding.

In addition to this request, **please provide a date and time that my client can meet with an "investigator"** of your department to complete section 7 of the application, and have the application "witnessed" by the investigator and "signed."

You may email and fax the information to my office to expedite the process. My email is usrugby@pacbell.net and fax is 916-965-6801.

Thank you for your consideration in this regard and I look forward to an amicable resolution to this problem so that we can tend to other business.

Very truly yours,
LAW OFFICES OF GARY W. GORSKI
***/s/ Gary W. Gorski***
Gary W. Gorski
Attorney at Law

Gary W. Gorski
Attorney at Law
Mailing Address:
8549 Nephi Way
Fair Oaks, CA 95628
Business Address:
1207 Front Street, Suite 15
Sacramento, CA 95814
(Old Town Sacramento)
(916) 965-6800
(916) 965-6801 fax
www.constitution.org

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page40 of 77

# Exhibit "3"

- 36 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page41 of 77

**Letter from San Francisco Police Department to Gary W. Gorski, Dated May 28, 2009**

*Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_03."*

- 37 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial**



POLICE DEPARTMENT
CITY AND COUNTY OF SAN FRANCISCO
THOMAS J. CAHILL HALL OF JUSTICE
850 BRYANT STREET
SAN FRANCISCO, CALIFORNIA 94103-4603

GAVIN NEWSOM
MAYOR

HEATHER J. FONG
CHIEF OF POLICE

May 28, 2009

Gary W. Gorski
Attorney at Law
8549 Nephi Way
Fair Oaks, CA 95628

Re: Public Records Request

Dear Mr. Gorski:

The San Francisco Police Department (SFPD) is in receipt of your May 26, 2009 public records request.

In response to item number 1 of your request, please be advised that the California Department of Justice is the custodian of the Application for License to Carry a Concealed Weapon. As a courtesy, I am enclosing a copy of the Application.

In response to item number 2, please be advised that the SFPD does not maintain a list of all current and past CCW permit holders. I can tell you that we have one active concealed weapons permit at this time. That permit was issued to Mr. Robert Menist on 7/1/07 and expires on 6/30/10.

In response to item number 3 and 4, we do not have responsive documents.

With regards to your request for a date and time that your client can meet with an "investigator", please be advised that only if it becomes necessary to complete section 7 of the application, an investigator will contact your client. We do not schedule appointments for this process of the application. (Please see bullet number 3 under the_Important Instructions on page -2-.)

Direct any further questions regarding this matter to me at (415) 553-1511.

Sincerely,

LIEUTENANT DANIEL J. MAHONEY
Commanding Officer
Legal Division

CC: Chief Heather Fong

TO: CONCEALED WEAPON LICENSE APPLICANTS

California Penal Code Section 12050(a)(1)(B) permits a Chief of Police of a city to issue a concealed weapon license upon proof that the person applying is of good moral character, that good cause exists for issuance, that the person applying is a resident of that city, and has completed a course of training as required by Penal Code Section 12050(a)(1)(E).

California Penal Code Section 12052.5 now requires that the licensing authority give written notice to an applicant indicating if the license is approved or denied within 90 days of the initial application for a new license or a renewal or 30 days after receipt of the applicant's criminal background check from the Department of Justice, whichever is later.

NEW APPLICANTS

The San Francisco Police Department requires completion of the Penal Code Section 832 firearm course that is certified by the Commission on Peace Officer Standards and Training. The course is 24 hours long and costs $273 that includes ammunition, targets, and cleaning and safety equipment. Applicants who are granted approval by the Chief of Police to obtain a concealed weapon license shall contact the Police Range for further information on registering for and completing the required training. The Range phone number is (415) 587-2274.

RENEWAL APPLICANTS

For those whose concealed weapon licenses are renewed by the Chief of Police, completion of a four (4) hour training course is required. The fee is $50. It is advisable for persons seeking renewal to contact the Police Range to determine available training dates well before their license expires. Successful completion of the required training, however, does not automatically renew the license.

DEPARTMENT OF JUSTICE FEES

The attached sheet details the fees established by the Department of Justice.

# California Department of Justice

# STANDARD APPLICATION FOR LICENSE TO CARRY A CONCEALED WEAPON (CCW)

California Department of Justice

# STANDARD APPLICATION
for
# LICENSE TO CARRY A CONCEALED WEAPON (CCW)

## Authority

California Penal Code (PC) sections 12050 through 12054 provide that a sheriff of a county or the chief or other head of a municipal police department of any city or city and county may issue a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person (CCW license). PC section 12051(a)(3)(A) requires the Attorney General to prescribe a statewide standard application form for a CCW license.

## Who May be Issued a License

The licensing authority specified in PC section 12050(a)(1) (a sheriff or head of a municipal police department) may issue a license to persons who are of good moral character, who have completed a course of training, and where good cause exists for issuance of the CCW license. All applicants for a CCW will be fingerprinted and state records will be checked to determine if they are in a prohibiting class. Attachments 1, 2, and 3 (following page 14 of this application) list all categories that would cause a person to be in a class prohibiting them from possessing firearms and being granted a CCW license. These attachments are updated annually to reflect new legislation and other changes in the law.

## Format of CCW License

A CCW license may be issued in either of the following formats:

1. A license to carry concealed, a pistol, revolver, or other firearm capable of being concealed upon the person.
2. Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person.

## Training Required

PC section 12050(a)(1)(B) and (E) specifies that new license applicants must complete a course of training. The training may consist of any course acceptable to the licensing authority. The licensing authority may require either a course not to exceed 16 hours which includes instruction on at least firearms safety and the law regarding the permissible use of a firearm or a community college course not to exceed 24 hours certified by the Commission on Peace Officer Standards and Training. If the licensing authority requires the community college course, it must be uniformly required for all CCW license applicants. The licensing authority may also require annual qualification on the weapon(s) during the term for which the CCW license is granted.

For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than four hours in length, and shall include instruction on at least firearm safety and the law regarding permissible use of a firearm.

State of California, Department of Justice

# Standard Application for CCW License

## Psychological Testing

In addition to licensing requirements as specified by the licensing authority, jurisdictions may require psychological testing on the initial application. If required, the applicant shall be referred to a licensed psychologist used by the licensing authority for the psychological testing of its own employees. Any fees charged will be the responsibility of the applicant and such fees shall not exceed $150.00 for an initial test. Additional psychological testing of an applicant seeking license renewal shall be required only if there is compelling evidence to indicate that a test is necessary (PC section 12054(c)).

## Completing the Application

Answering all the questions on this standard application does not guarantee the issuance of a CCW license. The determination whether or not to issue the license is the prerogative of the licensing authority. Each licensing authority, in addition to using the state standard application form, will have a written policy summarizing what they require pursuant to PC section 12050(a)(1)(A) and (B). Prior to issuing a CCW, the statutes require proof that:

- The applicant is of good moral character,
- Good cause exists to issue the CCW license,
- The applicant meets residence requirements, and
- The course of training prescribed by the licensing authority has been completed.

The application on the following pages sets forth standardized questions to be used by the CCW licensing authority to determine whether a CCW license shall be issued. The applicant shall not be required to complete any additional application or form for a CCW license, or to provide any information other than that necessary to complete this standard application form except to clarify or interpret information provided herein (PC section 12051(a)(3)(C)).

The applicant will certify that all answers provided are true and correct to the best of their knowledge and belief under penalty of perjury. The applicant will also acknowledge that information disclosed on this application may be subject to public disclosure.

### *Important Instructions*

- **Fill out, read, and sign Sections 1 through 5, as directed. Use additional pages if more space is required.**
- **Sections 6, 7, and 8 must be completed in the presence of an official of the licensing agency.**
- **[redacted] Section 7 and [redacted] to answer these questions orally. Do not write anything in Section 7 unless [redacted] to do so by the [redacted].**

**Section 1 - Applicant Personal Information** .......... 3
**Section 2 - Applicant Clearance Questions** .......... 3
**Section 3 - Description of Weapon(s)** .......... 5
**Section 4 - CCW License Conditions and Restrictions** .......... 6
**Section 5 - Applicable California Penal Code Sections** .......... 7
**Section 6 - Agreement to Restrictions and to Hold Harmless** .......... 10
**Section 7 - Investigator's Interview Notes** .......... 11
**Section 8 - Certification and Release of Information** .......... 14

**Attachment 1 - California Prohibiting Categories for a CCW License** .......... 16
**Attachment 2 - California Prohibiting Misdemeanors** .......... 17
**Attachment 3 - Federal Prohibiting Categories for Possessing Firearms** .......... 19

State of California, Department of Justice

# Standard Application for CCW License

Official Use Only -Type of Permit Requested
( ) Standard ( ) Judge
( ) Reserve Officer ( ) 90 Day

## Public Disclosure Admonition

I understand that I am obligated to be complete and truthful in providing information on this application. I understand that all of the information disclosed by me in this application may be subject to public disclosure.

Applicant Signature ____________________ Date ____________

Witness Signature / Badge Number ____________________ Date ____________

## Section 1 - Applicant Personal Information

Name: ______________________________________________
Last First Middle

If Applicable,
Maiden Name or Other Name(s) Used: ______________________

City and County of Residence: ______________________ Country of Citizenship: ____________

Date of Birth: ____________ Place of Birth: ______________________
City County State

Height: ________ Weight: ________ Color Eyes: ________ Color Hair: ________

## Section 2 - Applicant Clearance Questions

1. Do you now have, or have you ever had a license to carry a concealed weapon (CCW)?
No_____ Yes ____ (If yes, please indicate below. Use additional pages if necessary.)

Issuing Agency____________________ Issue Date __________ CCW#________________

2. Have you ever applied for and been denied a license to carry a concealed weapon?
No_____ Yes_____ (If yes, give agency name, date and reason for denial.)

______________________________________________

______________________________________________

State of California, Department of Justice

**Standard Application for CCW License**

## Section 2 - Applicant Clearance Questions - (continued)

3. Have you ever held and subsequently renounced your United States citizenship?
No_____Yes______ (If yes, explain):

______________________________________________________________________

4. If you served with the Armed Forces, were you ever convicted of any charges or was your discharge other than honorable? No_____Yes______ (If yes, explain):

______________________________________________________________________

______________________________________________________________________

5. Are you now, or have you been, a party to a lawsuit in the last five years?
No_____Yes______ (If yes, explain):

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

6. Are you now, or have you been, under a restraining order(s) from any court?
No_____Yes______ (If yes, explain):

______________________________________________________________________

______________________________________________________________________

7. Are you on probation or parole from any state for conviction of any offense including traffic? No_____Yes______ (If yes, explain):

______________________________________________________________________

______________________________________________________________________

State of California, Department of Justice

# Standard Application for CCW License

## Section 2 - Applicant Clearance Questions - (continued)

8. List all traffic violations (moving violations only) and motor vehicle accidents you have had in the last five years. (Use additional pages if necessary.)

| Date | Violation / Accident | Agency / Citation # |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

9. Have you ever been convicted for any criminal offense (civilian or military) in the U.S. or any other country?

No_____Yes______ (If yes, explain including date, agency, charges, and disposition.)

______________________________

______________________________

10. Have you withheld any fact that might affect the decision to approve this license?

No_____Yes______(If yes, explain):

______________________________

______________________________

## Section 3 - Descriptions of Weapons:

List below the weapons you desire to carry if granted a CCW. You may carry concealed only the weapon(s) which you list and describe herein, and only for the purpose indicated. Any misuse will cause an automatic revocation and possible arrest. (Use additional pages if necessary.)

| | Make | Model | Caliber | Serial No. |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

State of California, Department of Justice

# Standard Application for CCW License

## Section 4 - CCW License Conditions and Restrictions

The licensee is responsible for all liability for, injury to, or death of any person, or damage to any property which may result through any act or omission of either the licensee or the agency that issued the license. In the event any claim, suit, or action is brought against the agency that issued the license, its chief officer or any of its employees, by reason of, or in connection with any such act or omission, the licensee shall defend, indemnify, and hold harmless the agency that issued the license, its chief officer or any of its employees from such claim, suit, or action.

The licensee authorizes the licensing agency to investigate, as they deem necessary, the licensee's record and character to ascertain any and all information which may concern his/her qualifications and justification to be issued a license to carry a concealed weapon and release said agency of any and all liability arising out of such investigation.

While exercising the privileges granted to the licensee under the terms of this license, the licensee shall not, when carrying a concealed weapon:

- Consume any alcoholic beverage.
- Be in a place having a primary purpose of dispensing alcoholic beverages for on-site consumption.
- Be under the influence of any medication or drug, whether prescribed or not.
- Refuse to show the license or surrender the concealed weapon to any peace officer upon demand.
- Impede any peace officer in the performance of his/her duties.
- Present himself/herself as a peace officer to any person unless he/she is, in fact, a peace officer as defined by California law.
- Unjustifiably display a concealed weapon.
- Carry a concealed weapon not listed on the permit.
- Carry a concealed weapon at times or circumstances other than those specified in the permit.

Pursuant to U.S. Government Code - Title 49, Chapter 26, Section 1472 (1) and Federal Aviation Regulation 121.583, a license to carry a concealed weapon does not authorize a person to carry a firearm, tear gas, or any dangerous weapon aboard commercial airlines. Further, a person must declare that he/she is carrying such firearm, tear gas, or dangerous weapon BEFORE entering the boarding area of an air terminal where the security checks are made. Such violation can result in arrest by law enforcement.

Any violation of these restrictions or conditions may invalidate the CCW license and may void any further use of the license until reinstated by the licensing authority. Any arrest for a felony or serious misdemeanor, including driving under the influence of alcohol and/or drugs, is cause for invalidating the license.

## Section 5 - Applicable California Penal Code Sections

**The following Penal Code sections are of special importance to the holder of a CCW license regarding the use, carrying, and storage of firearms:**

### Penal Code Section 12051 - Applications for CCW Licenses; False Statements

(b) Any person who files an application required by subdivision (a) knowing that statements contained therein are false is guilty of a misdemeanor.

(c) Any person who knowingly makes a false statement on the application regarding any of the following shall be guilty of a felony:

(1) The denial or revocation of a license, or the denial of an amendment to a license, issued pursuant to Section 12050.
(2) A criminal conviction.
(3) A finding of not guilty by reason of insanity.
(4) The use of a controlled substance.
(5) A dishonorable discharge from military service.
(6) A commitment to a mental institution.
(7) A renunciation of United States citizenship.

### Penal Code Section 192 - Manslaughter

Manslaughter is the unlawful killing of a human being without malice.

(a) Voluntary - upon a sudden quarrel or heat of passion.
(b) Involuntary - in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection; provided that this subdivision shall not apply to acts committed in the driving of a vehicle.

### Penal Code Section 197 - Justifiable Homicide; Any Person

Homicide is justifiable when committed by any person in any of the following cases:

1. When resisting any attempt to murder any person, or to commit a felony, or to do some great bodily injury upon any person; or,
2. When committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein; or,
3. When committed in the lawful defense of such person, or of a wife or husband, parent, child, master, mistress, or servant of such person, when there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury, and imminent danger of such design being accomplished; but such person, or the person in whose behalf the defense was made, if he was the assailant or engaged in mutual combat, must really and in good faith have endeavored to decline any further struggle before the homicide was committed; or,
4. When necessarily committed in attempting, by lawful ways and means, to apprehend any person for any felony committed, or in lawfully suppressing any riot, or in lawfully keeping and preserving the peace.

## Section 5 - Applicable California Penal Code Sections - (continued)

### Penal Code Section 198 - Justifiable Homicide; Sufficiency of Fear (Limitation of Self-defense of Property Rule)

A bare fear of the commission of any of the offenses mentioned in subdivisions 2 and 3 of Section 197, to prevent which homicide may be lawfully committed, is not sufficient to justify it. But the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone.

### Penal Code Section 199 - Justifiable and Excusable Homicide; Discharge of Defendant

The homicide appearing to be justifiable or excusable, the person indicted must, upon his trial, be fully acquitted and discharged.

### Penal Code Section 12035 - Storage of Firearms Accessible to Children

(a) As used in this section, the following definitions shall apply:

- (1) "Locking device" means a device that is designed to prevent the firearm from functioning and when applied to the firearm, renders the firearm inoperable.
- (2) "Child" means a person under the age of 16 years.
- (3) "Off-premises" means premises other than the premises where the firearm was stored.
- (4) "Locked container" has the same meaning as set forth in subdivision (d) of Section 12026.2.

(b)(1) Except as provided in subdivision (c), a person commits the crime of "criminal storage of a firearm of the first degree" if he or she keeps any loaded firearm within any premise which is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or legal guardian and the child obtains access to the firearm and thereby causes death or great bodily injury to himself, herself, or any other person.

(2) Except as provided in subdivision (c), a person commits the crime of "criminal storage of a firearm of the second degree" if he or she keeps any loaded firearm within any premise which is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or legal guardian and the child obtains access to the firearm and thereby causes injury, other than great bodily injury, to himself, herself, or any other person, or carries the firearm either to a public place or in violation of Section 417.

(c) Subdivision (b) shall not apply whenever any of the following occurs:

- (1) The child obtains the firearm as a result of an illegal entry to any premises by any person.
- (2) The firearm is kept in a locked container or in a location that a reasonable person would believe to be secure.
- (3) The firearm is carried on the person or within such a close proximity thereto so that the individual can readily retrieve and use the firearm as if carried on the person.
- (4) The firearm is locked with a locking device that has rendered the firearm inoperable.
- (5) The person is a peace officer or a member of the armed forces or national guard and the child obtains the firearm during, or incidental to, the performance of the person's duties.
- (6) The child obtains, or obtains and discharges, the firearm in a lawful act of self-defense or defense of another person, or persons.
- (7) The person who keeps a loaded firearm on any premise which is under his or her custody or control has no reasonable expectation, based on objective facts and circumstances, that a child is likely to be present on the premise.

## Section 5 - Applicable California Penal Code Sections - (continued)

### Penal Code Section 12036 -Firearms Accessed by Children and Carried Off-premises

(a) As used in this section, the following definitions shall apply:

(1) "Locking device" means a device that is designed to prevent the firearm from functioning and when applied to the firearm, renders the firearm inoperable.

(2) "Child" means a person under the age of 16 years.

(3) "Off-premises" means premises other than the premises where the firearm was stored.

(4) "Locked container" has the same meaning as set forth in subdivision (d) of Section 12026.2.

(b) A person who keeps a pistol, revolver, or other firearm capable of being concealed upon the person, loaded or unloaded, within any premise that is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to that firearm without the permission of the child's parent or legal guardian and the child obtains access to that firearm and thereafter carries that firearm off-premises, shall be punished by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(c) A pistol, revolver, or other firearm capable of being concealed upon the person that a child gains access to and carries off-premises in violation of this Section shall be deemed "used in the commission of any misdemeanor as provided in this code or any felony" for the purpose of subdivision (b) of Section 12028 regarding the authority to confiscate firearms and other deadly weapons as a nuisance.

(d) This Section shall not apply if any one of the following circumstances exists:

(1) The child obtains the pistol, revolver, or other firearm capable of being concealed upon the person as a result of an illegal entry into any premises by any person.

(2) The pistol, revolver, or other firearm capable of being concealed upon the person is kept in a locked container or in a location that a reasonable person would believe to be secure.

(3) The pistol, revolver, or other firearm capable of being concealed upon the person is locked with a locking device that has rendered the firearm inoperable.

(4) The pistol, revolver, or other firearm capable of being concealed upon the person is carried on the person within such a close range that the individual can readily retrieve and use the firearm as if carried on the person.

(5) The person is a peace officer or a member of the armed forces or national guard and the child obtains the pistol, revolver, or other firearm capable of being concealed upon the person during, or incidental to, the performance of the person's duties.

(6) The child obtains, or obtains and discharges, the pistol, revolver, or other firearm capable of being concealed upon the person in a lawful act of self-defense or defense of another person or persons.

(7) The person who keeps a pistol, revolver, or other firearm capable of being concealed upon the person has no reasonable expectation, based on objective facts and circumstances, that a child is likely to be present on the premises.

State of California, Department of Justice

## Standard Application for CCW License

## Section 6 - Agreement to Restrictions and to Hold Harmless

I accept and assume all responsibility and liability for, injury to, or death of any person, or damage to any property which may result through any act or omission of either the licensee or the agency that issued the license. In the event any claim, suit or action is brought against the agency that issued the license, its chief officer or any of its employees, by reason of, or in connection with any such act or omission, the licensee shall defend, indemnify, and hold harmless the agency that issued the license, its chief officer or any of its employees from such claim, suit, or action.

I understand that the acceptance of my application by the licensing authority does not guarantee the issuance of a license and that fees and costs are not refundable if denied. I further understand that if my application is approved and I am issued a license to carry a concealed weapon, that the license is subject to restrictions placed upon it and that misuse of the license will cause an automatic revocation and possible arrest and that the license may also be suspended or revoked at the discretion of the licensing authority at any time. I am aware that any use of a firearm may bring criminal action or civil liability against me.

I have read, understand, and agree to the CCW license liability clauses, conditions, and restrictions stated in this Application and Agreement to Restrictions and to Hold Harmless.

I have read and understand the applicable Penal Code sections regarding False Statements on a CCW Application, Manslaughter, Killing in Defense of Self or Property, Limitation on Self-defense and Defense of Property, and Child Access and Firearm Storage, stated in this application.

I have read and understand Attachment 1 - California Prohibiting Categories for a CCW License, Attachment 2 - California Prohibiting Misdemeanors, and Attachment 3 - Federal Prohibiting Categories for Possessing Firearms. I further acknowledge that these Prohibiting Categories can be amended or expanded by state or federal legislative or regulatory bodies and that any such amendment or expansion may affect my eligibility to hold a CCW.

**Applicant Signature** _______________ **Date** _______________

**Witness Signature / Badge Number** _______________ **Date** _______________

State of California, Department of Justice

# Standard Application for CCW License

## Section 7 - Investigator's Interview Notes

Applicant Name: ______________________________
Last First Middle

Date of Birth: ______________________ Age: __________

Social Security No.: ______________________

California DL/ID No.: ______________________

Driver's License Restrictions: ______________________________

Residence Address:

______________________________
Number Street Apt. City State Zip

Mailing Address (if different):

______________________________
Number Street Apt. City State Zip

Home / Personal Phone Numbers: (_____) ______________________

Spouse's Name and Address: ______________________________

______________________________

Applicant Occupation: ______________________________

Business / Employer Name: ______________________________

Business Phone Number: (_____) ______________________

Business Address:

______________________________
Number Street Apt. City State Zip

1. List all previous home addresses for the past five years.

______________________________

______________________________

______________________________

State of California, Department of Justice

**Standard Application for CCW License**

**Section 7 - Investigator's Interview Notes - (continued)**

2. Have you ever been in a mental institution, treated for mental illness, or been found not-guilty by reason of insanity ? No_____Yes______(If yes, explain):

_______________________________________________

_______________________________________________

3. Are you now, or have you ever been, addicted to a controlled substance or alcohol, or have you ever utilized an illegal controlled substance, or have you ever reported to a detoxification or drug treatment program? No_____Yes______(If yes, explain):

_______________________________________________

_______________________________________________

4. Have you ever been involved in an incident involving firearms?
No_____Yes______(If yes, explain):

_______________________________________________

_______________________________________________

_______________________________________________

5. Have you been involved in a domestic violence incident?
No_____Yes______(If yes, explain):

_______________________________________________

_______________________________________________

6. List any arrests or formal charges, with or without disposition, for any criminal offenses within the U.S. or any other country (civilian or military).

_______________________________________________

_______________________________________________

_______________________________________________

State of California, Department of Justice

# Standard Application for CCW License

## Section 7 - Investigator's Interview Notes - (continued)

**If the CCW license is desired for self-protection, the protection of others, or for the protection of large sums of money or valuable property, you are required to explain and provide good cause for issuance of the license. For example, has your life or property been threatened or jeopardized? Explain incidents and include dates, times, locations, and names of police agencies to which these incidents were reported.**

**Details of Reason for Applicant Desiring a CCW License (use additional sheets if needed).**

State of California, Department of Justice

**Standard Application for CCW License**

## Section 8 - Certification and Release of Information

I hereby give permission to the agency to which this application is made to conduct a background investigation of me and to contact any person or agency who may add to or aid in this investigation. I further authorize persons, firms, agencies and institutions listed on this application to release or confirm information about me and statements I have made as contained in this application.

Notwithstanding any other provision of law and pursuant to the Public Records Act (Government Code section 6250 et seq.), I understand that information contained in this application may be a matter of public record and shall be made available upon request or court order.

I hereby certify under penalties of perjury and Penal Code section 12051(b) and (c), that the answers I have given are true and correct to the best of my knowledge and belief, and that I understand and agree to the provisions, conditions, and restrictions herein or otherwise imposed.

**Applicant Signature** **Date**

**Witness Signature / Badge Number** **Date**

# Attachments



State of California, Department of Justice

## Standard Application for CCW License

### *Attachment 1*

## CALIFORNIA PROHIBITING CATEGORIES FOR A CCW LICENSE
## As of January, 1999

- Persons convicted of a felony, or any offense enumerated in section 12021.1 of the Penal Code (PC).
- Persons addicted to the use of narcotics.
- Persons denied firearm possession as a condition of probation pursuant to PC section 12021(d).
- Persons convicted of a specified misdemeanor pursuant to PC section 12021(c)(1) are prohibited from purchasing or possessing firearms for 10 years (see Attachment 2).
- Juveniles adjudged wards of the juvenile court because they committed a 707(b) Welfare and Institutions Code (WIC) offense, an offense described in PC section 1203.073 (b) or any offense enumerated in PC section 12021 (c) (1) are prohibited until they reach age 30.
- Persons who are subject to a protective order as defined in section 6218 of the Family Code, or a temporary restraining order or injunction issued pursuant to sections 527.6 or 527.8 of the Code of Civil Procedure.
- Persons found by a court to be a danger to others because of mental illness.
- Persons found by a court to be mentally incompetent to stand trial.
- Persons found by a court to be not guilty by reason of insanity.
- Persons adjudicated to be a mentally disordered sex offender.
- Persons placed on a conservatorship because they are gravely disabled as a result of a mental disorder or impairment by chronic alcoholism.
- Persons who communicate a threat to a licensed psychotherapist, against a reasonably identifiable.victim, and the psychotherapist reports to law enforcement pursuant to WIC section 8100(b), are prohibited from purchasing or possessing a firearm for 6 months.
- Persons in a mental health facility certified pursuant to WIC sections 5250, 5260, and 5270.15 are prohibited from possessing or purchasing or attempting to purchase firearms for 5 years.
- Persons who are voluntary patients in a mental facility who are determined to be a danger to self or others are prohibited form purchasing or possessing a firearm between admission and discharge.
- Persons under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year.

State of California, Department of Justice

## Standard Application for CCW License

*Attachment 2*

# CALIFORNIA PROHIBITING MISDEMEANORS
## As of January, 1999

**Pursuant to Penal Code (PC) section 12021(c)(1), any person who has been convicted of a misdemeanor violation for any of the following offenses is prohibited from owning, possessing, or having under his or her custody or control any firearms within 10 years of the conviction:**

- Threatening public officers, employees and school officials (PC section 71).
- Threatening certain public officials, appointees, judges, staff or their families with the intent and apparent ability to carry out the threat (PC section 76).
- Possessing a deadly weapon with the intent to intimidate a witness (PC section 136.5).
- Threatening witnesses, victims, or informants (PC section 140).
- Attempting to remove or take a firearm from the person or immediate presence of a public or peace officer (PC section 148(d)).

- Unauthorized possession of a weapon in a courtroom, courthouse or court building, or at a public meeting (PC section 171(b)).
- Bringing into or possessing a loaded firearm within the state capitol, legislative offices, etc. (PC section 171c).
- Taking into or possessing loaded firearms within the Governor's Mansion or residence of other constitutional officers, etc. (PC section 171(d)).
- Supplying, selling or giving possession of a firearm to a person for participation in criminal street gangs (PC section 186.28).
- Assault (PC sections 240, 241).

- Battery (PC sections 242, 243).
- Assault with a stun gun or Taber weapon (PC section 244.5).
- Assault with deadly weapon or force likely to produce great bodily injury (PC section 245).
- Assault with a deadly weapon or instrument, by any means likely to produce great bodily injury or with a stun gun or Taber on a school employee engaged in performance of duties (PC section 245.5).
- Shooting at an inhabited or occupied dwelling house, building, vehicle, aircraft, horsecart or camper (PC section 246).

- Discharging a firearm in a grossly negligent manner (PC section 246.3).
- Shooting at an unoccupied aircraft, motor vehicle, or uninhabited building or dwelling house (PC section 247).
- Inflicting corporal injury on a spouse or significant other (PC section 273.5).
- Willfully violating a domestic protective order (PC section 273.6).

State of California, Department of Justice

# Standard Application for CCW License

*Attachment 2 (Continued)*

## CALIFORNIA PROHIBITING MISDEMEANORS
## As of January, 1999

- Drawing, exhibiting, or using any deadly weapon other than a firearm (PC sections 417(a)(1), 417(a)(2)).
- Brandishing a firearm in presence of a peace officer (PC section 417.1 - repealed by stats. 1998).
- Drawing or exhibiting, selling, manufacturing, or distributing firearm replicas or imitations (PC section 417.2).
- Inflicting serious bodily injury as a result of brandishing (PC section 417.6).
- Bringing into or possessing firearms upon or within public schools and grounds (PC section 626.9).
- Stalking (PC section 646.9).

- Armed criminal action (PC section 12023).
- Possessing a deadly weapon with intent to commit an assault (PC section 12024).
- Driver of any vehicle who knowingly permits another person to discharge a firearm from the vehicle or any person who willfully and maliciously discharges a firearm from a motor vehicle (PC sections 12034(b), 12034(d)).
- Criminal possession of a firearm (PC section 12040).
- Firearms dealer who sells or transfers or gives possession of any firearm to a minor or a handgun to a person under the age of 21 (PC section 12072(b)).

- Various violations involving sales and transfers of firearms (PC section 12072(g)(3)).
- Person or corporation who sells any concealable firearm to any minor (PC section 12100(a) - repealed by stats. 1994).
- Unauthorized possession/transportation of a machine gun (PC section 12220).
- Possession of ammunition designed to penetrate metal or armor (PC section 12320).
- Carrying a concealed or loaded firearm or other deadly weapon or wearing a peace officer uniform, while picketing (PC section 12590).

- Bringing firearm related contraband into juvenile hall (WIC section 871.5).
- Bringing firearm related contraband into a youth authority institution (WIC section 1001.5).
- Purchase, possession, or receipt of a firearm or deadly weapon by a person receiving in-patient treatment for a mental disorder, or by a person who has communicated to a licensed psychotherapist a serious threat of physical violence against an identifiable victim (WIC section 8100).
- Providing a firearm or deadly weapon to a person described in WIC sections 8100 or 8103 (WIC section 8101).
- Purchase, possession, or receipt of a firearm or deadly weapon by a person who has been adjudicated to be a mentally disordered sex offender or found to be mentally incompetent to stand trial, or not guilty by reason of insanity, and individuals placed under a conservatorship (WIC section 8103).

State of California, Department of Justice

# Standard Application for CCW License

*Attachment 3*

## FEDERAL PROHIBITING CATEGORIES FOR POSSESSING FIREARMS
## Gun Control Act of 1968, Title 18 U.S.C. Chapter 44
## As of January, 1999

**Pursuant to Section 922, any person listed below is prohibited from possessing, shipping, transporting, or receiving any firearm, who:**

- Has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.
- Is a fugitive from justice.
- Is an unlawful user of or addicted to any controlled substance.
- Has been adjudicated as a mental defective or committed to a mental institution.
- Is an alien illegally or unlawfully in the United States.
- Has been discharged from the Armed Forces under dishonorable conditions.
- Having been a citizen of the United States, has renounced U.S. citizenship.
- Is subject to a court order that restrains the person from harassing, stalking, or threatening an intimate partner or child of such intimate partner.
- Has been convicted in any court of a misdemeanor crime of domestic violence.
- Is under indictment for a crime punishable by imprisonment for a term exceeding one year.
- Has an out-of-state prohibitive criminal history.
- Has a prior denial on a previous National Instant Criminal Background Check System (NICS) inquiry.



*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

P.O. BOX 160487
SACRAMENTO, CA 95816-0487
Facsimile: (916) 263-0676
(916) 263-4887

September 24, 2004

**TO: All Law Enforcement Agencies**

**SUBJECT: Peace Officer Applicant Fee Increase**

Effective November 1, 2004, the California Department of Justice (DOJ) will increase the $14 processing fee for the firearms eligibility review of peace officer applicants to $19. Although the Department has managed to keep the fee at $14 since 1996, a fee increase is necessary to cover costs associated with the firearms eligibility review process.

Total DOJ processing fees ($51) will include:

- ➔ $19 Firearms Division processing fee
- ➔ $32 Criminal Justice Information Services Division fingerprint check
- ➔ $ 0 FBI fingerprint check

$51 Total

If you have any questions regarding this matter, please do not hesitate to contact the Firearms Information Services Section at (916) 263-4887.

Sincerely,

RANDY ROSSI, Director
Firearms Division

For BILL LOCKYER
Attorney General

*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

P.O. BOX 160487
SACRAMENTO, CA 95816-0487
Facsimile: (916) 263-0676
(916) 263-4887

September 24, 2004

**TO: All Law Enforcement Agencies**

**SUBJECT: CCW License Fee Increase**

Effective November 1, 2004, the California Department of Justice (DOJ) will implement a fee increase for initial and renewal applications for Licenses to Carry Concealable Firearms (CCW). For your reference, the new fee structure is printed on the back of this letter. Although the Department has managed to keep the fee stable since 1996, a fee increase is necessary to cover costs associated with the firearms eligibility review process.

If you have any questions regarding this matter, please do not hesitate to contact the Firearms Information Services Section at (916) 263-4887.

Sincerely,

RANDY ROSSI, Director
Firearms Division

For BILL LOCKYER
Attorney General

**CALIFORNIA DEPARTMENT OF JUSTICE**
**FEE STRUCTURE**
**LICENSES TO CARRY CONCEALABLE FIREARMS**
**Effective October 1, 2007**

## INITIAL APPLICANT FEES

| 90-Day Employment CCW | | | Two-Year Resident CCW | | |
|---|---|---|---|---|---|
| State Fingerprint Processing | $ | 32.00 | State Fingerprint Processing | $ | 32.00 |
| FBI Fingerprint Processing | $ | 19.00 | FBI Fingerprint Processing | $ | 19.00 |
| Initial Firearms Eligibility Check | $ | 22.00 | Initial Firearms Eligibility Check | $ | 22.00 |
| TOTAL | $ | 73.00 | Annual Firearms Eligibility Check | $ | 22.00 |
| | | | TOTAL | $ | 95.00 |

| Three-Year Judicial CCW | | | Four-Year Reserve Peace Officer CCW | | |
|---|---|---|---|---|---|
| State Fingerprint Processing | $ | 32.00 | State Fingerprint Processing | $ | 32.00 |
| FBI Fingerprint Processing | $ | 19.00 | FBI Fingerprint Processing | $ | 19.00 |
| Initial Firearms Eligibility Check | $ | 22.00 | Initial Firearms Eligibility Check | $ | 22.00 |
| 1st Annual Firearms Eligibility Check | $ | 22.00 | 1st Annual Firearms Eligibility Check | $ | 22.00 |
| 2nd Annual Firearms Eligibility Check | $ | 22.00 | 2nd Annual Firearms Eligibility Check | $ | 22.00 |
| TOTAL | $ | 117.00 | 3rd Annual Firearms Eligibility Check | $ | 22.00 |
| | | | TOTAL | $ | 139.00 |

## RENEWAL FEES

| 90-Day Employment CCW Renewal | | | Two-Year Resident CCW Renewal | | |
|---|---|---|---|---|---|
| State Thumbprint Verification | $ | 8.00 | State Thumbprint Verification | $ | 8.00 |
| Initial Firearms Eligibility Check | $ | 22.00 | Initial Firearms Eligibility Check | $ | 22.00 |
| TOTAL | $ | 30.00 | Annual Firearms Eligibility Check | $ | 22.00 |
| | | | TOTAL | $ | 52.00 |

| Three-Year Judicial CCW Renewal | | | Four-Year Reserve Peace Officer CCW Renewal | | |
|---|---|---|---|---|---|
| State Thumbprint Verification | $ | 8.00 | State Thumbprint Verification | $ | 8.00 |
| Initial Firearms Eligibility Check | $ | 22.00 | Initial Firearms Eligibility Check | $ | 22.00 |
| 1st Annual Firearms Eligibility Check | $ | 22.00 | 1st Annual Firearms Eligibility Check | $ | 22.00 |
| 2nd Annual Firearms Eligibility Check | $ | 22.00 | 2nd Annual Firearms Eligibility Check | $ | 22.00 |
| TOTAL | $ | 74.00 | 3rd Annual Firearms Eligibility Check | $ | 22.00 |
| | | | TOTAL | $ | 96.00 |

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page67 of 77

# Exhibit "4"

- 38 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page68 of 77

**Letter from San Francisco Sheriffs Office to Gary W. Gorski, Dated May 29, 2009**

*Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_04."*

- 39 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

# City and County of San Francisco

## OFFICE OF THE SHERIFF



Michael Hennessey
SHERIFF

(415) 554-7225

May 29, 2009
Reference: LC 2009-023

Mr. Gary Gorski
Attorney-at-Law
8549 Nephi Way
Fair Oaks, CA 95628

Dear Mr. Gorski,

I write to respond to your confusing and inflammatory letter of May 26, 2009. Please place yourself in my shoes for a moment and read your letter, attached.

First, and foremost, you never identify your client which, of course, prevents us from researching any correspondence that may have been received from her. Secondly, you identify her as a "gay female" as if that actually matters. I presume you have her permission to express such personal information but you might be surprised to learn that we don't maintain carry concealed weapons (CCW) applicant files by sexual preference, or even by gender.

Third, you ascribe obstructionist behavior to Sheriff's employees without any facts, who they might have said their name was, or even when such event(s) occurred.

It isn't often that I get such a poorly crafted letter and it is not ameliorated by your ending paragraph, which attempts to be solicitous after making unsupported accusations.

Perhaps I can clarify the Sheriff's position for your consideration. Mr. Hennessey is obligated to issue CCWs to retired law enforcement personnel in limited circumstances under state law. There are a host of conditional factors which apply. He is not obligated to issue a CCW to any private citizen although he has the authority to do so. He has never issued a CCW to such an applicant and has no intention of doing so.

Should you wish to file an application you may write a letter to me or the Sheriff which will be replied to with a denial. It is a useless exercise but please do so if you with to. Obviously, that letter must identify the applicant and the reason(s) for the request.

No meeting with an "investigator" will be scheduled because his decision is as it has been for twenty-nine (29) years, a denial.  Such is his right and practice.

Very Truly Yours,

JAMES F. HARRIGAN
Legal Counsel to the Sheriff

attachment

Law Offices of

**GARY W. GORSKI**

* Admitted in California and Pennsylvania

8549 Nephi Way
Fair Oaks, CA 95628
(916) 965-6800
Facsimile (916) 965-6801

usrugby@pacbell.net

May 26, 2009

**VIA REGULAR MAIL, EMAIL AND FAX**

Chief of Police
Heather J. Fong
850 Bryant St., #525
San Francisco, CA 94103
Fax (415)553-1554
sfpdpbaf@pacbell.net
SFPDCentralStation@ci.sf.ca.us
sfpd.online@sfgov.org

Sheriff Michael Hennessey
City Hall, Room 456
1 Carlton Goodlett Place
San Francisco, CA 94102
Fax: (415) 554-7050
sheriff@sfgov.org

**RE:** ***Public Records Request and Demand for Interview of CCW Applicant to comply with Section 7 of the application with witness signature.***

Dear Sheriff Hennessey and Chief Fong:

I have been retained by a gay female who has been attempting to apply for a CCW, which, under California Penal Code Section 12050(a)(1)(B), allows a sheriff and/or chief of police of a municipal police department the discretion to issue a "license to carry a pistol, revolver, or other firearm capable of being concealed upon the person ..." To date, her attempts have been futile as there is no published policy on either website about the CCW application process and your employees have been obstructive to say the least.

When my client attempted to apply by contacting your departments, she was given the run-around in that 1) employees had no knowledge of any CCW policy, 2) had no knowledge about how to apply, and 3) they stated that your department does not process CCW applications.

05/26/09 15:58 916.965 Gary W. Gorski Page 2/2
Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page72 of 77

Letter to Sheriff Hennessey and Chief Fong
RE: **Public Records Request and Demand for Interview of CCW Applicant to comply with Section 7 of the application with witness signature.**
May 26, 2009
Page 2 of 2

---

This letter constitutes a formal request for the following, pursuant to the Public Records Act:

1) Please provide a DOJ CCW application.

2) Please provide a list of all current and past CCW permit holders since your tenure in office, inclusive of all good cause data relied upon for issuance.

3) Please provide a copy of your written CCW issuance policy.

4) If your department defers to the other for the processing of CCWs, please provide that policy or letter of understanding.

In addition to this request, **please provide a date and time that my client can meet with an "investigator"** of your department to complete section 7 of the application, and have the application "witnessed" by the investigator and "signed."

You may email and fax the information to my office to expedite the process. My email is usrugby@pacbell.net and fax is 916-965-6801.

Thank you for your consideration in this regard and I look forward to an amicable resolution to this problem so that we can tend to other business.

Very truly yours,
LAW OFFICES OF GARY W. GORSKI

***/s/ Gary W. Gorski***
Gary W. Gorski
Attorney at Law

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page73 of 77

# Exhibit "5"

- 40 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

Case4:09-cv-04493-CW Document1-1 Filed09/23/09 Page74 of 77

**Plaintiff's California Department of Justice, Standard Application for License to Carry a Concealed Weapon (CCW), Dated June 4, 2009**

**(Mailed Version)**

*Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_05."*

- 41 -

Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial

# California Department of Justice

# STANDARD APPLICATION FOR LICENSE TO CARRY A CONCEALED WEAPON (CCW)

BCIA 4012 (6/99)

**California Department of Justice**

# STANDARD APPLICATION

**for**

# LICENSE TO CARRY A CONCEALED WEAPON (CCW)

## Authority

California Penal Code (PC) sections 12050 through 12054 provide that a sheriff of a county or the chief or other head of a municipal police department of any city or city and county may issue a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person (CCW license). PC section 12051(a)(3)(A) requires the Attorney General to prescribe a statewide standard application form for a CCW license.

## Who May Be Issued a License

The licensing authority specified in PC section 12050(a)(1) (a sheriff or head of a municipal police department) may issue a license to persons who are of good moral character, who have completed a course of training, and where good cause exists for issuance of the CCW license. All applications for a CCW will be fingerprinted and state records will be checked to determine if they are in a prohibiting class. Attachments 1, 2, and 3 (following page 14 of this application) list all categories that would cause a person to be in a class prohibiting them from possessing firearms and being granted a CCW license. These attachments are updated annually to reflect new legislation and other changes in the law.

## Format of CCW License

A CCW license may be issued in either of the following formats:

1. A license to carry concealed, a pistol, revolver, or other firearm capable of being concealed upon the person.
2. Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person

## Training Required

PC section 12050(a)(1)(B) and (E) specifies that new license applicants must complete a course of training. The training may consist of any course acceptable to the licensing authority. The licensing authority may require either a course not to exceed 16 hours which includes instruction on at least firearms safety and the law regarding the permissible use of a firearm or a community college course not to exceed 24 hours certified by the Commission on Peace Officer Standards and Training. If the licensing authority requires the community college course, it must be uniformly required for all CCW license applicants. The licensing authority may also require annual qualification on the weapon(s) during the term for which the CCW license is granted.

For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than four hours in length, and shall include instruction on at least firearm safety and the law regarding permissible use of a firearm

State of California, Department of Justice

# Standard Application for CCW License

## Psychological Testing

In addition to licensing requirements as specified by the licensing authority, jurisdictions may require psychological testing on the initial application. If required, the applicant shall be referred to a licensed psychologist used by the licensing authority for the psychological testing of its own employees. Any fees charged will be the responsibility of the applicant and such fees shall not exceed $150.00 for an initial test. Additional psychological testing of an applicant seeking license renewal shall be required only if there is compelling evidence to indicate that a test is necessary (PC section 12054(c)).

## Completing the Application

Answering all the questions on this standard application does not guarantee the issuance of a CCW license. The determination whether or not to issue the license is the prerogative of the licensing authority. Each licensing authority, in addition to using the state standard application form, will have a written policy summarizing what they require pursuant to PC section 12050(1)(1)(A) and (B). Prior to issuing a CCW, the statutes require proof that:

- The applicant is of good moral character,
- Good cause exists to issue the CCW license,
- The applicant meets residence requirements, and
- The course of training prescribed by the licensing authority has been completed.

The application on the following pages sets forth standardized questions to be used by the CCW licensing authority to determine whether a CCW license shall be issued. The applicant shall not be required to complete any additional application or form for a CCW license, or to provide any information other than that necessary to complete this standard application form except to clarify or interpret information provided herein (PC section 12051(a)(3)(C)).

The applicant will certify that all answers provided are true and correct to the best of their knowledge and belief under penalty of perjury. The applicant will also acknowledge that information disclosed on this application may be subject to public disclosure.

***Important Instructions***

- **Fill out, read, and sign Sections 1 through 5, as directed. Use additional pages if more space is required.**
- **Sections 6, 7, and 8 must be completed in the presence of an official of the licensing agency.**
- **Review Section 7 and be prepared to answer these questions orally. Do not write anything in Section 7 unless specifically directed to do so by the licensing agency.**

**Section 1 – Applicant Personal Information** .......... 3
**Section 2 – Applicant Clearance Questions** .......... 3
**Section 3 – Description of Weapon(s)** .......... 5
**Section 4 – CCW License Conditions and Restrictions** .......... 6
**Section 5 – Applicable California Penal Code Sections** .......... 7
**Section 6 – Agreement to Restrictions and to Hold Harmless** .......... 10
**Section 7 – Investigator's Interview Notes** .......... 11
**Section 8 – Certification and Release of Information** .......... 14

**Attachment 1 – California Prohibiting Categories for a CCW License** .......... 16
**Attachment 2 – California Prohibiting Misdemeanors** .......... 17
**Attachment 3 – Federal Prohibiting Categories for Possessing Firearms** .......... 19