State of California, Department of Justice
# Standard Application for CCW License

| Official Use Only – Type of Permit Requested |
| --- |
| ( ) Standard  ( ) Judge |
| ( ) Reserve Officer  ( ) 90 Day |

## Public Disclosure Admonition

I understand that I am obligated to be complete and truthful in providing information on this application. I understand that all of the information disclosed by me in this application may be subject to public disclosure.

_____
Applicant Signature

June 4, 2009
_____
Date

_____
Witness Signature / Badge Number

_____
Date

## Section 1 – Applicant Personal Information

Name: **Pizzo, Therese Marie**

Last          First          Middle

If Applicable
Maiden Name or other Name(s) Used: _____

City and County
of Residence: San Francisco

Country of
Citizenship: USA

Date of Birth: 04/22/1960     Place of Birth: Los Angeles, CA

City          County          State

Height: 5' 6"     Weight: 130     Color Eyes: Blue     Color Hair: Light Brown

## Section 2 – Applicant Clearance Questions

1.  **Do you now have, or have you ever had a license to carry a concealed weapon (CCW)?**
    No ✓ Yes _____ (If yes, please indicate below. Use additional pages if necessary.)

Issuing Agency _____ Issue Date _____ CCW# _____

2.  **Have you ever applied for and been denied a license to carry a concealed weapon?**
    No ✓ Yes _____ (If yes, give agency name, date and reason for denial.)

_____

_____

-3-

State of California, Department of Justice
## Standard Application for CCW License

### Section 2 – Applicant Clearance Questions – (continued)

3. Have you ever held and subsequently renounced your United States citizenship?
   No ✓ Yes_____ (If yes, explain):

4. If you served with the Armed Forces, were you ever convicted of any charges or was
   your discharge other than honorable? No ✓ Yes_____ (If yes, explain):

5. Are you now, or have you been a party to a lawsuit in the last five years?
   No ✓ Yes_____ (If yes, explain):

6. Are you now, or have you been, under a restraining order(s) from any court?
   No ✓ Yes_____ (If yes, explain):

7. Are you on probation or parole from any state for conviction of any offense including
   traffic? No ✓ Yes_____ (If yes, explain):

-4-

State of California, Department of Justice
## Standard Application for CCW License

## Section 2 – Applicant Clearance Questions – (continued)

8.  List all traffic violations (moving violations only) and motor vehicle accidents you have had in the last five years. (Use additional pages if necessary.)

Date          Violation / Accident                                    Agency / Citation #

None that I recall - if there was one, it would have been a minor moving violation

9.  Have you ever been convicted for any criminal offense (civilian or military) in the U.S. or any other country?

No ✓ Yes____ (If yes, explain including date, agency, charges, and disposition.)

10. Have you witheld any fact that might affect the decision to approve this license?

No ✓ Yes____ (If yes, explain):

## Section 3 – Descriptions of Weapons:

List below the weapons you desire to carry if granted a CCW. You may carry concealed only the weapon(s) which you list and describe herein, and only for the purpose indicated. Any misuse will cause an automatic revocation and possible arrest. (Use additional pages if necessary.)

|   | Make | Model | Caliber | Serial No. |
|---|------|-------|---------|-----------|
| 1. | Sandard issue Military Barretta M9 9mm, side arm -- not purchased yet. | | | |
| 2. | | | | |
| 3. | | | | |

-5-


State of California, Department of Justice
## Standard Application for CCW License

### Section 4 – CCW License Conditions and Restrictions

The licensee is responsible for all liability for, injury to, or death of any person, or damage to any property which may result through any act or omission of either the licensee or the agency that issued the license. In the event any claim, suit, or action is brought against the agency that issued the license, its chief officer or any of its employees, by reason of, or in connection with any such act or omission, the licensee shall defend, indemnify, and hold harmless the agency that issued the license, its chief officer or any of its employees from such claim, suit, or action.

The licensee authorizes the licensing agency to investigate, as they deem necessary, the licensee's record and character to ascertain any and all information which may concern his/her qualifications and justification to be issued a license to carry a concealed weapon and release said agency of any and all liability arising out of such investigation.

While exercising the privileges granted to the licensee under the terms of this license, the licensee shall not, when carrying a concealed weapon:
- Consume any alcoholic beverage.
- Be in a place having a primary purpose of dispensing alcoholic beverages for on-site consumption.
- Be under the influence of any medication or drug, whether prescribed or not.
- Refuse to show the license or surrender the concealed weapon to any peace officer upon demand.
- Impede any peace officer in the performance of his/her duties.
- Present himself/herself as a peace officer to any person unless he/she is, in fact, a peace officer as defined by California law.
- Unjustifiably display a concealed weapon.
- Carry a concealed weapon not listed on the permit.
- Carry a concealed weapon at times or circumstances other than those specified in the permit.

Pursuant to U.S. Government Code – Title 49, Chapter 26, Section 1472(1) and Federal Aviation Regulation 121.583, a license to carry a concealed weapon does not authorize a person to carry a firearm, tear gas, or any dangerous weapon aboard commercial airlines. Further, a person must declare that he/she is carrying such firearm, tear gas, or dangerous weapon BEFORE entering the boarding area of an air terminal where the security checks are made. Such violation can result in arrest by law enforcement.

Any violation of these restrictions or conditions may invalidate the CCW license and may void any further use of the license until reinstated by the licensing authority. Any arrest for a felony or serious misdemeanor, including driving under the influence of alcohol and/or drugs, is cause for invalidating the license.



State of California, Department of Justice
## Standard Application for CCW License

## Section 5 – Applicable California Penal Code Sections

The following Penal Code sections are of special importance to the holder of a CCW license regarding the use, carrying, and storage of firearms:

## Penal Code Section 12051 – Applications for CCW Licenses; False Statements

(b) Any person who files an application required by subdivision (a) knowing that statements contained therein are false is guilty of a misdemeanor.

(c) Any person who knowingly makes a false statement on the application regarding any of the following shall be guilty of a felony:

(1) The denial or revocation of a license, or the denial of an amendment to a license, issued pursuant to Section 12050.

(2) A criminal conviction.

(3) A finding of not guilty by reason of insanity.

(4) The use of a controlled substance.

(5) A dishonorable discharge from military service.

(6) A commitment to a mental institution.

(7) A renunciation of United States citizenship.

## Penal Code Section 192 – Manslaughter

Manslaughter is the unlawful killing of a human being without malice.

(a) Voluntary – upon a sudden quarrel or heat of passion.

(b) Involuntary – in the commission of an unlawful act, not amounting to a felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection; provided that this subdivision shall not apply to acts committed in the driving of a vehicle.

## Penal Code Section 197 – Justifiable Homicide; Any Person

Homicide is justifiable when committed by any person in any of the following cases:

1. When resisting any attempt to murder any person, or to commit a felony, or to do some great bodily injury upon any person; or,

2. When committed in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony, or against one who manifestly intends and endeavors, in a violent, riotous or tumultuous manner, to enter the habitation of another for the purpose of offering violence to any person therein; or,

3. When committed in the lawful defense of such person, or of a wife or husband, parent, child, master, mistress, or servant of such person, when there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury, and imminent danger of such design being accomplished; but such person, or the person in whose behalf the defense was made, if he was the assailant or engaged in mutual combat, must really and in good faith have endeavored to decline any further struggle before the homicide was committed; or,

4. When necessarily committed in attempting, by lawful ways and means, to apprehend any person for any felony committed, or in lawfully suppressing any riot, or in lawfully keeping and preserving the peace.

State of California, Department of Justice
## Standard Application for CCW License

## Section 5 – Applicable California Penal Code Sections – (continued)

## Penal Code Section 198 – Justifiable Homicide; Sufficiency of Fear (Limitation of Self-defense of Property Rule)

A bare fear of the commission of any of the offenses mentioned in subdivisions 2 and 3 of Section 197, to prevent which homicide may be lawfully committed, is not sufficient to justify it. But the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone.

## Penal Code Section 199 – Justifiable and Excusable Homicide; Discharge of Defendant

The homicide appearing to be justifiable or excusable, the person indicted must, upon his trial, be fully acquitted and discharged.

## Penal Code Section 12035 – Storage of Firearms Accessible to Children

(a) As used in this section, the following definitions shall apply:
   (1) "Locking device" means a device that is designed to prevent the firearm from functioning and when applied to the firearm, renders the firearm inoperable.
   (2) "Child" means a person under the age of 16 years.
   (3) "Off-premises" means premises other than the premises where the firearm was stored.
   (4) "Locked container" has the same meaning as set for the in subdivision (d) of Section 12026.2.
(b) (1) Except as provided in subdivision (c), a person commits the crime of "criminal storage of a firearm of the first degree" if he or she keeps any loaded firearm within any premise which is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or legal guardian and the child obtains access to the firearm and thereby causes death or great bodily injury to himself, herself, or any other person.
   (2) Except as provided in subdivision (c), a person commits the crime of "criminal storage of a firearm of the second degree" if he or she keeps any loaded firearm within any premise which is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to the firearm without the permission of the child's parent or legal guardian and the child obtains access to the firearm and thereby causes injury, other than great bodily injury, to himself, herself, or any other person, or carries the firearm either to a public place or in violation of Section 417.
(c) Subdivision (b) shall not apply whenever any of the following occurs:
   (1) The child obtains the firearm as a result of an illegal entry to any premises by any person.
   (2) The firearm is kept in a locked container or in a location that a reasonable person would believe to be secure.
   (3) The firearm is carried on the person or within such a close proximity thereto so that the individual can readily retrieve and use the firearm as if carried on the person.
   (4) The firearm is locked with a locking device that has rendered the firearm inoperable.
   (5) The person is a peace officer or a member of the armed forces or national guard and the child obtains the firearm during, or incidental to, the performance of the person's duties.
   (6) The child obtains, or obtains and discharges, the firearm in a lawful act of self-defense or defense of another person, or persons.
   (7) The person who keeps a loaded firearm on any premise which is under his or her custody or control has no reasonable expectation, based on objective facts and circumstances, that a child is likely to be present on the premise.

-8-

State of California, Department of Justice
## Standard Application for CCW License

### Section 5 – Applicable California Penal Code Sections – (continued)

## Penal Code Section 12036 – Firearms Accessed by Children and Carried Off-premises

(a) As used in this section, the following definitions shall apply:

(1) "Locking device" means a device that is designed to prevent the firearm from functioning and when applied to the firearm, renders the firearm inoperable.

(2) "Child" means a person under the age of 16 years.

(3) "Off-premises" means premises other than the premises where the firearm was stored.

(4) "Locked container" has the same meaning as set forth in subdivision (d) of Section 12026.2.

(b) A person who keeps a pistol, revolver, or other firearm capable of being concealed upon the person, loaded or unloaded, within any premise that is under his or her custody or control and he or she knows or reasonably should know that a child is likely to gain access to that firearm without the permission of the child's parent or legal guardian and the child obtains access to that firearm and thereafter carries that firearm off-premises, shall be punished by imprisonment in a county jail not exceeding one year, by a fine not exceeding one thousand dollars ($1,000), or by both that imprisonment and fine.

(c) A pistol, revolver, or other firearm capable of being concealed upon the person that a child gains access to and carries off-premises in violation of this Section shall be deemed "used in the commission of any misdemeanor as provided in this code or any felony" for the purpose of subdivision (b) of Section 12028 regarding the authority to confiscate firearms and other deadly weapons as a nuisance.

(d) This Section shall not apply if one of the following circumstances exists:

(1) The child obtains the pistol, revolver, or other firearm capable of being concealed upon the person as a result of an illegal entry into any premises by any person.

(2) The pistol, revolver, or other firearm capable of being concealed upon the person is kept in a locked container or in a location that a reasonable person would believe to be secure.

(3) The pistol, revolver, or other firearm capable of being concealed upon the person is locked with a locking device that has rendered the firearm inoperable.

(4) The pistol, revolver, or other firearm capable of being concealed upon the person is carried on the person within such a close range that the individual can readily retrieve and use the firearm as if carried on the person.

(5) The person is a peace officer or a member of the armed forces or national guard and the child obtains the pistol, revolver, or other firearm capable of being concealed upon the person during, or incidental to, the performance of the person's duties.

(6) The child obtains, or obtains and discharges, the pistol, revolver, or other firearm capable of being concealed upon the person in a lawful act of self-defense or defense of another person or persons.

(7) The person who keeps a pistol, revolver, or other firearm capable of being concealed upon the person has no reasonable expectation, based on objective facts and circumstances, that a child is likely to be present on the premises.

-9-

State of California, Department of Justice
## Standard Application for CCW License

### Section 6 – Agreement to Restrictions and to Hold Harmless

I accept and assume all responsibility and liability for, injury to, or death of any person, or damage to any property which may result through any act or omission of either the licensee or the agency that issued the license. In the event any claim, suit or action is brought against the agency that issued the license, its chief officer or any of its employees, by reason of, or in connection with any such act or omission, the licensee shall defend, indemnify, and hold harmless the agency that issued the license, its chief officer or any of its employees from such claim, suit, or action.

I understand that the acceptance of my application by the licensing authority does not guarantee the issuance of a license and that fees and costs are not refundable if denied. I further understand that if my application is approved and I am issued a license to carry a concealed weapon, that the license is subject to restrictions placed upon it and that misuse of the license will cause an automatic revocation and possible arrest and that the license may also be suspended or revoked at the discretion of the licensing authority at any time. I am aware that any use of a firearm may bring criminal action or civil liability against me.

I have read, understand, and agree to the CCW license liability clauses, conditions, and restrictions stated in this Application and Agreement to Restrictions and to Hold Harmless.

I have read and understand the applicable Penal Code sections regarding False Statements on a CCW Application, Manslaughter, Killing in Defense of Self or Property, Limitation on Self-defense and Defense of Property, and Child Access and Firearm Storage, stated in this application.

I have read and understand Attachment 1 – California Prohibiting Categories for a CCW License, Attachment 2 – California Prohibiting Misdemeanors, and Attachment 3 – Federal Prohibiting Categories for Possessing Firearms. I further acknowledge that these Prohibiting Categories can be amended or expanded by state or federal legislative or regulatory bodies and that any such amendment or expansion may affect my eligibility to hold a CCW.

**Applicant Signature**                                        **Date**

**Witness Signature / Badge Number**                          **Date**

State of California, Department of Justice

# Standard Application for CCW License

## Section 7 – Investigator's Interview Notes

**Applicant Name:**_____

          Last                     First                            Middle

**Date of Birth:**_____      **Age**_____

**Social Security No.:**_____

**California DL/ID No.:**_____

**Driver's License Restrictions:**_____

**Residence Address:**

_____

Number      Street                         Apt.         City             State       Zip

**Mailing address (if different):**

_____

Number      Street                         Apt.         City             State       Zip

**Home / Personal Phone Numbers: (**     **)** _____

**Spouse's Name and Address:**_____

_____

**Applicant Occupation:**_____

**Business / Employer Name:**_____

**Business Phone Number: : (**     **)** _____

**Business Address:**

_____

Number      Street                         Apt.         City             State       Zip

1. List all previous home addresses for the past five years.

_____

_____

_____

-11-

State of California, Department of Justice
## Standard Application for CCW License

**Section 7 – Investigator's Interview Notes – (continued)**

2.   Have you ever been in a mental institution, treated for mental illness, or been found
     not-guilty by reason of insanity ?  No_____Yes_____ (If yes, explain):

     _____

     _____

3.   Are you now, or have you ever been, addcited to a controlled substance or alcohol, or
     have you ever utilized an illgal controlled substance, or have you ever reported to a
     detoxification or drug treatment program?  No_____Yes_____ (If yes, explain):

     _____

     _____

4.   Have you ever been involved in an incident involving firearms?
     No_____Yes_____ (If yes, explain):

     _____

     _____

     _____

5.   Have you been involved in a domestic violence incident?
     No_____Yes_____ (If yes, explain):

     _____

     _____

6.   List any arrests or formal charges, with or without disposition, for any criminal
     offenses with the U.S. or any other country (civilian or military).

     _____

     _____

     _____

State of California, Department of Justice
## Standard Application for CCW License

### Section 7 – Investigator's Interview Notes – (continued)

If the CCW license is desired for self-protection, the protection of others, or for the protection of large sums of money or valuable property, you are required to explain and provide good cause for issuance of the license. For example, has your life or property been threatened or jeopardized? Explain incidents and include dates, times, locations, and names of police agencies to which these incidents were reported.

Details of Reason for Applicant desiring a CCW License (use additional sheets if needed).

-13-

**State of California, Department of Justice**
# Standard Application for CCW License

## Section 8 – Certification and Release of Information

I hereby give permission to the agency to which this application is made to conduct a background investigation of me and to contact any person or agency who may add to or aid in this investigation. I further authorize persons, firms, agencies and institutions listed on this application to release or confirm information about me and statements I have made as contained in this application.

Notwithstanding any other provision of law and pursuant to the Public Records Act (Government Code section 6250 et seq.), I understand that information contained in this application may be a matter of public record and shall be made available upon request or court order.

I hereby certify under penalties of perjury and Penal Code section 12051(b) and (c), that the answers I have given are true and correct to the best of my knowledge and belief, and that I understand and agree to the provisions, conditions, and restrictions herein or otherwise imposed.

_____    _____
**Applicant Signature**                                                              **Date**

_____    _____
**Witness Signature / Badge Number**                                      **Date**

-14-



# Attachments

State of California, Department of Justice
## Standard Application for CCW License

### *Attachment 1*

# CALIFORNIA PROHIBITING CATEGORIES FOR A CCW LICENSE As of January, 1999

- Persons convicted of a felony, or any offense enumerated in section 12021.1 of the Penal Code (PC).

- Persons addicted to the use of narcotics.

- Persons denied firearm possession as a condition of probation pursuant to PC section 12021(d).

- Persons convicted of a specified misdemeanor pursuant to PC section 12021(c)(1) are prohibited from purchasing or possessing firearms for 10 years (see Attachment 2).

- Juveniles adjudged wards of the juvenile court because they committed a 707(b) Welfare and Institutions Code (WIC) offense, an offense described in PC section 1203.073(b) or any offense enumerated in PC section 12021 (c)(!) are prohibited until they reach age 30.

- Persons who are subject to a protective order as defined in section 6218 of the Family Code, or a temporary restraining order or injunction issued pursuant to sections 527.6 or 527.8 of the Code of Civil Procedure.

- Persons found by a court to be a danger to others because of mental illness.

- Persons found by a court to be mentally incompetent to stand trial.

- Persons found by a court to be not guilty by reason of insanity.

- Persons adjudicated to be a mentally disordered sex offender.

- Persons placed on a conservatorship because they are gravely disabled as a result of a mental disorder or impairment by chronic alcoholism

- Persons who communicate a threat to a licensed psychotherapist, against a reasonably identifiable victim, and the psychotherapist reports to law enforcement pursuant to WIC section 8100(b), are prohibited from purchasing or possessing a firearm for 6 months.

- Persons in a mental health facility certified pursuant to WIC sections 5250, 5260, and 5270.15 are prohibited from possessing or purchasing or attempting to purchase firearms for 5 years.

- Persons who are voluntary patients in a mental facility who are determined to be a danger to self or others are prohibited from purchasing or possessing a firearm between admission and discharge.

- Persons under indictment or information in any court for a crime punishable by imprisonment for a term exceeding one year.

-16-

State of California, Department of Justice
# Standard Application for CCW License

## *Attachment 2*

# CALIFORNIA PROHIBITING MISDEMEANORS
# As of January, 1999

**Pursuant to Penal Code (PC) section 12021(c)(1), any person who has been convicted of a misdemeanor violation for any of the following offenses is prohibited from owning, possessing, or having under his or her custody or control any firearms within 10 years of the conviction:**

- Threatening public officers, employees and school officials (PC section 71).
- Threatening certain public officials, appointees, judges, staff or their families with the intent and apparent ability to carry out the threat (PC section 76).
- Possessing a deadly weapon with the intent to intimidate a witness (PC section 136.5).
- Threatening witnesses, victims, or informants (PC section 140).
- Attempting to remove or take a firearm from the person or immediate presence of a public or peace officer (PC section 148(d)).

- Unauthorized possession of a weapon in a courtroom, courthouse or court building, or at a public meeting (PC section 171(b)).
- Bringing into or possessing a loaded firearm within the state capitol, legislative offices, etc. (PC section 171c).
- Taking into or possessing loaded firearms within the Governor's Mansion or residence of other constitutional officers, etc. (PC section 171(d)).
- Supplying, selling or giving possession of a firearm to a person for participation in criminal street gangs (PC section 186.28).
- Assault (PC sections 240, 241)

- Battery (PC sections 242, 243).
- Assault with a stun gun or Taber weapon (PC section 244.5)
- Assault with deadly weapon or force likely to produce great bodily injury (PC section 245).
- Assault with a deadly weapon or instrument, by any means likely to produce great bodily injury or with a stun gun or Taber on a school employee engaged in performance of duties (PC section 245.5).
- Shooting at an inhabited or occupied dwelling house, building, vehicle, aircraft, horsecart or camper (PC section 246).

- Discharging a firearm in a grossly negligent manner (PC section 246.3)
- Shooting at an unoccupied aircraft, motor vehicle, or uninhabited building or dwelling house (PC section 247)
- Inflicting corporal injury on a spouse or significant other (PC section 273.5)
- Willfully violating a domestic protective order (PC section 273.6).

-17-

## Standard Application for CCW License

### *Attachment 2 (Continued)*

## CALIFORNIA PROHIBITING MISDEMEANORS
## As of January, 1999

- Drawing, exhibiting, or using any deadly weapon other than a firearm (PC sections 417(a)(1), 417(a)(2)).
- Brandishing a firearm in presence of a peace officer (PC section 417.1 – repealed by stats. 1998).
- Drawing or exhibiting, selling, manufacturing, or distributing firearm replicas or imitations (PC section 417.2).
- Inflicting serious bodily injury as a result of brandishing (PC section 417.6).
- Bringing into or possessing firearms upon or within public schools and grounds (PC section 626.9).
- Stalking (PC section 646.9).

- Armed criminal action (PC section 12023).
- Possessing a deadly weapon with intent to commit an assault (PC section 12024).
- Driver or any vehicle who knowingly permits another person to discharge a firearm from the vehicle or any person who will fully and maliciously discharges a firearm from a motor vehicle (PC sections 12034(b), 12034(d)).
- Criminal possession of a firearm (PC section 12040).
- Firearms dealer who sells or transfers or gives possession of any firearm to a minor or a handgun to a person under the age of 21 (PC section 12072(b)).

- Various violations involving sales and transfers of firearms (PC section 12072(g)(3)).
- Person or corporation who sells any concealable firearm to any minor (PC section 12100(a) – repealed by stats. 1994).
- Unauthorized possession/transportation of a machine gun (PC section 12220).
- Possession of ammunition designed to penetrate metal or armor (PC section 12320).
- Carrying a concealed or loaded firearm or other deadly weapon or wearing a peace officer uniform, while picketing (PC section 12590).

- Bringing firearm related contraband into juvenile hall (WIC section 871.5).
- Bringing firearm related contraband into a youth authority institution (WIC section 1001.5).
- Purchase, possession, or receipt of a firearm or deadly weapon by a person receiving in-patient treatment for a mental disorder, or by a person who has communicated to a licensed psychotherapist a serious threat of physical violence against an identifiable victim (WIC section 8100).
- Providing a firearm or deadly weapon to a person described in WIC sections 8100 or 8103 (WIC section 8101).
- Purchase, possession, or receipt of a firearm or deadly weapon by a person who has been adjudicated to be a mentally disordered sex offender or found to be mentally incompetent to stand trial, or not guilty by reason of insanity, and individuals placed under a conservatorship (WIC section 8103).

-18-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "6"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1 | **Plaintiff's California Department of Justice, Standard Application for License to Carry a Concealed Weapon (CCW), Dated June 29, 2009**

2 | **(Faxed Version)**

3 | *Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_06."*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 43 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial**

TRANSMISSION VERIFICATION REPORT

```
TIME   : 06/29/2009 13:19
NAME   : GWGORSKI
FAX    : 9169656801
TEL    : 9169656800
SER.#  : L8J814214
```

```
DATE,TIME          06/29  13:16
FAX NO./NAME       14155531554
DURATION           00:02:34
PAGE(S)            20
RESULT             OK
MODE               STANDARD
                   ECM
```

# California Department of Justice



# STANDARD APPLICATION
# FOR LICENSE TO CARRY
# A CONCEALED WEAPON (CCW)

TRANSMISSION VERIFICATION REPORT

```
TIME    : 06/29/2009 13:16
NAME    : GWGORSKI
FAX     : 9169656801
TEL     : 9169656800
SER.#   : L8J814214
```

```
DATE,TIME           06/29  13:12
FAX NO./NAME        14155547050
DURATION            00:03:12
PAGE(S)             20
RESULT              OK
MODE                STANDARD
                    ECM
```

# California Department of Justice



# STANDARD APPLICATION
# FOR LICENSE TO CARRY
# A CONCEALED WEAPON (CCW)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "7"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

**SAN FRANCISCO POLICE CODE SECTION 4512**

**HANDGUNS LOCATED IN A RESIDENCE TO BE KEPT IN A LOCKED CONTAINER OR DISABLED WITH A TRIGGER LOCK.**

(a) Prohibition. No person shall keep a handgun within a residence owned or controlled by that person unless the handgun is stored in a locked container or disabled with a trigger lock that has been approved by the California Department of Justice.

(b) Definitions.

(1) "Residence." As used in this Section, "residence" is any structure intended or used for human habitation including but not limited to houses, condominiums, rooms, in law units, motels, hotels, SRO's, time-shares, recreational and other vehicles where human habitation occurs.

(2) "Locked container." As used in this Section, "locked container" means a secure container which is fully enclosed and locked by a padlock, key lock, combination lock or similar locking device.

(3) "Handgun." As used in this Section, "handgun" means any pistol, revolver, or other firearm that is capable of being concealed upon the person, designed to be used as a weapon, capable of expelling a projectile by the force of any explosion or other form of combustion, and has a barrel less than 16 inches in length.

(4) "Trigger lock." As used in this Section, a "trigger lock" means a trigger lock that is listed in the California Department of Justice's list of approved firearms safety devices and that is identified as appropriate for that handgun by reference to either the manufacturer and model of the handgun or to the physical characteristics of the handgun that match those listed on the roster for use with the device under Penal Code Section 12088(d).

(c) Exceptions. This Section shall not apply in the following circumstances:

(1) The handgun is carried on the person of an individual over the age of 18.

(2) The handgun is under the control of a person who is a peace officer under Penal Code Section 830.

(d) Lost or Stolen Handguns. In order to encourage reports to law enforcement agencies of lost or stolen handguns pursuant to San Francisco Police Code Section 616, a person who files a report with a law enforcement agency notifying the agency that a handgun has been lost or stolen shall not be subject to prosecution for violation of Section 4512(a) above.

(e) Penalty. Every violation of this Section shall constitute a misdemeanor and upon conviction shall be punished by a fine not to exceed $1,000.00 or by imprisonment in the county jail not to exceed six months, or by both.

(f) Severability. If any provision, clause or word of this chapter or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect any other provision, clause, word or application of this Section which can be given effect without the invalid provision, clause or word, and to this end the provisions of this Section are declared to be severable.

(Added by Ord. 193-07, File No. 070683, App. 8/1/2007)

- 45 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "8"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1 **SAN FRANCISCO POLICE CODE SECTION 1290**

2 **DISCHARGE OF FIREARMS PROHIBITED– FIREWORKS.**

3 No person or persons, firm, company, corporation or association shall fire or discharge any firearms or fireworks of any kind or description within the limits of the City and County of San Francisco.

4

Provided, however, that public displays of fireworks may be given with the joint written consent of
5 the Fire Marshal and the Chief of Police.

6 (Added by Ord. 1.075, App. 10/11/38)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**- 47 -**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "9"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1 | **CALIFORNIA PENAL CODE SECTION 12050, et al.**

2 | **SECTION 12050**

3 | (a)(1)(A) The sheriff of a county, upon proof that the
person applying is of good moral character, that good cause

4 | exists for the issuance, and that the person applying
satisfies any one of the conditions specified in

5 | subparagraph (D) and has completed a course of training as
described in subparagraph (E), may issue to that person a

6 | license to carry a pistol, revolver, or other firearm
capable of being concealed upon the person in either one

7 | of the following formats:

8 |   (i) A license to carry concealed a pistol, revolver,
or other firearm capable of being concealed upon the person.

9 |

10 |   (ii) Where the population of the county is less than 200,000
persons according to the most recent federal decennial
census, a license to carry loaded and exposed in that county

11 | a pistol, revolver, or other firearm capable of being
concealed upon the person.

12 |

13 |   (B) The chief or other head of a municipal police department
of any city or city and county, upon proof that the person
applying is of good moral character, that good cause exists

14 | for the issuance, and that the person applying is a resident
of that city and has completed a course of training as

15 | described in subparagraph (E), may issue to that person a
license to carry a pistol, revolver, or other firearm

16 | capable of being concealed upon the person in either one
of the following formats:

17 |

18 |   (i) A license to carry concealed a pistol, revolver,
or other firearm capable of being concealed upon the person.

19 |   (ii) Where the population of the county in which the city is
located is less than 200,000 persons according to the most

20 | recent federal decennial census, a license to carry loaded
and exposed in that county a pistol, revolver, or other

21 | firearm capable of being concealed upon the person.

22 |   (C) The sheriff of a county or the chief or other head of a
municipal police department of any city or city and county,

23 | upon proof that the person applying is of good moral
character, that good cause exists for the issuance, and that

24 | the person applying is a person who has been deputized
or appointed as a peace officer pursuant to subdivision (a) or

25 | (b) of Section 830.6 by that sheriff or that chief of police
or other head of a municipal police department, may issue to

26 | that person a license to carry concealed a pistol, revolver,
or other firearm capable of being concealed upon the person.

27 | Direct or indirect fees for the issuance of a license
pursuant to this subparagraph may be waived. The fact that

28 | an applicant for a license to carry a pistol, revolver,

1   or other firearm capable of being concealed upon the person has
    been deputized or appointed as a peace officer pursuant to
2   subdivision (a) or (b) of Section 830.6 shall be considered
    only for the purpose of issuing a license pursuant to this
3   subparagraph, and shall not be considered for the purpose
    of issuing a license pursuant to subparagraph (A) or (B).

4
    (D) For the purpose of subparagraph (A), the applicant shall
5   satisfy any one of the following:

6   (i) Is a resident of the county or a city within the county.

7   (ii) Spends a substantial period of time in the applicant's
    principal place of employment or business in the county or a
8   city within the county.

9   (E)(i) For new license applicants, the course of training
    may be any course acceptable to the licensing authority,
10  shall not exceed 16 hours, and shall include instruction on
    at least firearm safety and the law regarding the
11  permissible use of a firearm. Notwithstanding this clause,
    the licensing authority may require a community college
12  course certified by the Commission on Peace Officer
    Standards and Training, up to a maximum of 24 hours, but
13  only if required uniformly of all license applicants without
    exception.
14
    (ii) For license renewal applicants, the course of training
15  may be any course acceptable to the licensing authority,
    shall be no less than four hours, and shall include
16  instruction on at least firearm safety and the law regarding
    the permissible use of a firearm. No course of training
17  shall be required for any person certified by the licensing
    authority as a trainer for purposes of this subparagraph, in
18  order for that person to renew a license issued pursuant to
    this section.
19
    (2)(A)(i) Except as otherwise provided in clause (ii),
20  subparagraphs (C) and (D) of this paragraph, and
    subparagraph (B) of paragraph (4) of subdivision (f), a
21  license issued pursuant to subparagraph (A) or (B)
    of paragraph (1) is valid for any period of time not to exceed
22  two years from the date of the license.

23  (ii) If the licensee's place of employment or business was
    the basis for issuance of the license pursuant to
24  subparagraph (A) of paragraph (1), the license is valid for
    any period of time not to exceed 90 days from the date
25  of the license. The license shall be valid only in the county
    in which the license was originally issued. The licensee
26  shall give a copy of this license to the licensing authority
    of the city, county, or city and county in which he or she
27  resides. The licensing authority that originally issued the
    license shall inform the licensee verbally and in writing in
28  at least 16-point type of this obligation to give a copy

- 50 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1   of the license to the licensing authority of the city, county,
    or city and county of residence. Any application to renew
2   or extend the validity of, or reissue, the license may be
    granted only upon the concurrence of the licensing authority
3   that originally issued the license and the licensing
    authority of the city, county, or city and county in which
4   the licensee resides.

5      (B) A license issued pursuant to subparagraph (C)
    of paragraph (1) to a peace officer appointed pursuant to
6   Section 830.6 is valid for any period of time not to exceed
    four years from the date of the license, except that the
7   license shall be invalid upon the conclusion of the person's
    appointment pursuant to Section 830.6 if the four-year
8   period has not otherwise expired or any other condition
    imposed pursuant to this section does not limit the validity
9   of the license to a shorter time period.

10     (C) A license issued pursuant to subparagraph (A) or (B)
    of paragraph (1) is valid for any period of time not to exceed
11  three years from the date of the license if the license is
    issued to any of the following individuals:
12
       (i) A judge of a California court of record.
13
       (ii) A full-time court commissioner of a California court
14  of record.

15     (iii) A judge of a federal court.

16     (iv) A magistrate of a federal court.

17     (D) A license issued pursuant to subparagraph (A) or (B)
    of paragraph (1) is valid for any period of time not to exceed
18  four years from the date of the license if the license is
    issued to a custodial officer who is an employee of the
19  sheriff as provided in Section 831.5, except that the
    license shall be invalid upon the conclusion of the person's
20  employment pursuant to Section 831.5 if the four-year period
    has not otherwise expired or any other condition imposed
21  pursuant to this section does not limit the validity of the
    license to a shorter time period.
22
       (3) For purposes of this subdivision, a city or county may
23  be considered an applicant's "principal place of employment
    or business" only if the applicant is physically present in
24  the jurisdiction during a substantial part of his or her
    working hours for purposes of that employment or business.
25
       (b) A license may include any reasonable restrictions
26  or conditions which the issuing authority deems warranted,
    including restrictions as to the time, place, manner, and
27  circumstances under which the person may carry a pistol,
    revolver, or other firearm capable of being concealed upon
28  the person.

- 51 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1  (c) Any restrictions imposed pursuant to subdivision (b) shall be indicated on any license issued.

2

3  (d) A license shall not be issued if the Department of Justice determines that the person is prohibited by state or federal law from possessing, receiving, owning,

4  or purchasing a firearm.

5  (e)(1) The license shall be revoked by the local licensing authority if at any time either the local licensing

6  authority is notified by the Department of Justice that a licensee is prohibited by state or federal law from owning

7  or purchasing firearms, or the local licensing authority determines that the person is prohibited by state or federal

8  law from possessing, receiving, owning, or purchasing a firearm.

9

10  (2) If at any time the Department of Justice determines that a licensee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, the

11  department shall immediately notify the local licensing authority of the determination.

12

13  (3) If the local licensing authority revokes the license, the Department of Justice shall be notified of the revocation pursuant to Section 12053. The licensee shall

14  also be immediately notified of the revocation in writing.

15  (f)(1) A person issued a license pursuant to this section may apply to the licensing authority for an amendment to the

16  license to do one or more of the following:

17  (A) Add or delete authority to carry a particular pistol, revolver, or other firearm capable of being concealed upon

18  the person.

19  (B) Authorize the licensee to carry concealed a pistol, revolver, or other firearm capable of being concealed upon

20  the person.

21  (C) If the population of the county is less than 200,000 persons according to the most recent federal decennial

22  census, authorize the licensee to carry loaded and exposed in that county a pistol, revolver, or other firearm capable

23  of being concealed upon the person.

24  (D) Change any restrictions or conditions on the license, including restrictions as to the time, place, manner, and

25  circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon

26  the person.

27  (2) When the licensee changes his or her address, the license shall be amended to reflect the new address and a

28  new license shall be issued pursuant to paragraph (3).

- 52 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial**

1   (3) If the licensing authority amends the license, a new
license shall be issued to the licensee reflecting the

2  amendments.

3   (4)(A) The licensee shall notify the licensing authority in
writing within 10 days of any change in the licensee's place

4  of residence.

5   (B) If the license is one to carry concealed a pistol,
revolver, or other firearm capable of being concealed upon

6  the person, then it may not be revoked solely because the
licensee changes his or her place of residence to another

7  county if the licensee has not breached any conditions
or restrictions set forth in the license and has not become

8  prohibited by state or federal law from possessing,
receiving, owning, or purchasing a firearm. However, any

9  license issued pursuant to subparagraph (A) or (B)
of paragraph (1) of subdivision (a) shall expire 90 days after

10  the licensee moves from the county of issuance if the
licensee's place of residence was the basis for issuance

11  of the license.

12   (C) If the license is one to carry loaded and exposed a
pistol, revolver, or other firearm capable of being

13  concealed upon the person, the license shall be revoked
immediately if the licensee changes his or her place

14  of residence to another county.

15   (5) An amendment to the license does not extend the original
expiration date of the license and the license shall be

16  subject to renewal at the same time as if the license had
not been amended.

17

18   (6) An application to amend a license does not constitute an
application for renewal of the license.

19   (g) Nothing in this article shall preclude the chief
or other head of a municipal police department of any city from

20  entering an agreement with the sheriff of the county in
which the city is located for the sheriff to process all

21  applications for licenses, renewals of licenses, and
amendments to licenses, pursuant to this article.

22

23  (Added by Stats. 1953, c. 36, p. 656, § 1. Amended by
Stats. 1969, c. 1188, p. 2318, § 1; Stats. 1970, c. 1478,
p. 2923, § 1; Stats. 1977, c. 987, p. 2970, § 3; Stats. 1992,

24  c. 1340, § 9; Stats. 1993, c. 1167, § 2; Stats. 1997,
c. 408, § 1; Stats. 1997, c. 744, § 2; Stats. 1998, c. 110,

25  § 2; Stats. 1998, c. 910, § 1; Stats. 1999, c. 142, § 1;
Stats. 2000, c. 123, § 1; Stats. 2008, c. 698, § 14.)

26

**SECTION 12050.2**

27

28  Within three months of the effective date of the act adding this
section, each licensing authority shall publish and make available a

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1    written policy summarizing the provisions of subparagraphs (A) and (B)
    of paragraph (1) of subdivision (a) of Section 12050.

2

   (Added by Stats. 1998, Ch. 910, § 2. Effective January 1, 1999.)

3

   **SECTION 12051**

4

   (a)(1) The standard application form for licenses described
5    in paragraph (3) shall require information from the
    applicant including, but not limited to, the name,
6    occupation, residence and business address of the applicant,
    his or her age, height, weight, color of eyes and hair, and
7    reason for desiring a license to carry the weapon.
    Applications for licenses shall be filed in writing, and
8    signed by the applicant. Any license issued upon the
    application shall set forth the licensee's name, occupation,
9    residence and business address, his or her age, height,
    weight, color of eyes and hair, the reason for desiring a
10    license to carry the weapon, and shall, in addition, contain
    a description of the weapon or weapons authorized to be
11    carried, giving the name of the manufacturer, the serial
    number, and the caliber. The license issued to the licensee
12    may be laminated.

13    (2) Applications for amendments to licenses shall be filed
    in writing and signed by the applicant, and shall state what
14    type of amendment is sought pursuant to subdivision (f)
    of Section 12050 and the reason for desiring the amendment.

15

   (3)(A) Applications for amendments to licenses, applications
16    for licenses, amendments to licenses, and licenses shall be
    uniform throughout the state, upon forms to be prescribed by
17    the Attorney General. The Attorney General shall convene a
    committee composed of one representative of the California
18    State Sheriffs' Association, one representative of the
    California Police Chiefs' Association, and one
19    representative of the Department of Justice to review, and
    as deemed appropriate, revise the standard application form
20    for licenses. The committee shall meet for this purpose if
    two of the committee's members deem that necessary. The
21    application shall include a section summarizing the
    statutory provisions of state law that result in the
22    automatic denial of a license.

23    (B) The forms shall contain a provision whereby the
    applicant attests to the truth of statements contained in
24    the application.

25    (C) An applicant shall not be required to complete any
    additional application or form for a license, or to provide
26    any information other than that necessary to complete the
    standard application form described in subparagraph (A),
27    except to clarify or interpret information provided by the
    applicant on the standard application form.

28

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1    (D) The standard application form described in
subparagraph (A) is deemed to be a local form expressly
2    exempt from the requirements of the Administrative
Procedures Act, Chapter 3.5 (commencing with Section 11340)
3    of Part 1 of Division 3 of Title 2 of the Government Code.

4    (b) Any person who files an application required by
subdivision (a) knowing that statements contained therein
5    are false is guilty of a misdemeanor.

6    (c) Any person who knowingly makes a false statement on the
application regarding any of the following shall be guilty
7    of a felony:

8    (1) The denial or revocation of a license, or the denial
of an amendment to a license, issued pursuant to Section 12050.
9
    (2) A criminal conviction.
10
    (3) A finding of not guilty by reason of insanity.
11
    (4) The use of a controlled substance.
12
    (5) A dishonorable discharge from military service.
13
    (6) A commitment to a mental institution.
14
    (7) A renunciation of United States citizenship.
15
    (Added by Stats. 1953, c. 36, p. 656, § 1. Amended by
16   Stats. 1953, c. 692, p. 1960, § 1; Stats. 1977, c. 996,
p. 2994, § 1; Stats. 1981, c. 945, § 1; Stats. 1992,
17   c. 1340, § 10; Stats. 1993, c. 1167, § 3; Stats. 1994,
c. 716, § 4; Stats. 1998, c. 910, § 3; Stats. 2003, c. 541,
18   § 2.)

19   **SECTION 12052**

20   (a) The fingerprints of each applicant shall be taken and
two copies on forms prescribed by the Department of Justice
21   shall be forwarded to the department. Upon receipt of the
fingerprints and the fee as prescribed in Section 12054, the
22   department shall promptly furnish the forwarding licensing
authority a report of all data and information pertaining to
23   any applicant of which there is a record in its office,
including information as to whether the person is prohibited
24   by state or federal law from possessing, receiving, owning,
or purchasing a firearm. No license shall be issued by any
25   licensing authority until after receipt of the report from
the department.
26
    (b) However; if the license applicant has previously applied
27   to the same licensing authority for a license to carry
firearms pursuant to Section 12050 and the applicant's
28   fingerprints and fee have been previously forwarded to the

- 55 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1   Department of Justice, as provided by this section, the
    licensing authority shall note the previous identification
2   numbers and other data that would provide positive
    identification in the files of the Department of Justice on
3   the copy of any subsequent license submitted to the
    department in conformance with Section 12053 and no
4   additional application form or fingerprints shall be
    required.

5

6   (c) If the license applicant has a license issued pursuant
    to Section 12050 and the applicant's fingerprints have been
    previously forwarded to the Department of Justice, as
7   provided in this section, the licensing authority shall note
    the previous identification numbers and other data that
8   would provide positive identification in the files of the
    Department of Justice on the copy of any subsequent license
9   submitted to the department in conformance with
    Section 12053 and no additional fingerprints shall be
10  required.

11  (Added by Stats. 1953, c. 36, p. 657, § 1. Amended by
    Stats. 1953, c. 692, p. 1960, § 2; Stats. 1959, c. 1856,
12  p. 4410, § 1; Stats. 1971, c. 1309, p. 2602, § 3, eff.
    Nov. 1, 1971; Stats. 1972, c. 1377, p. 2845, § 91;
13  Stats. 1992, c. 1340, § 11; Stats. 1992, c. 1341, § 12;
    Stats. 2008, c. 698, § 15.)

14
    **SECTION 12052.5**
15
    The licensing authority shall give written notice to the applicant
16  indicating if the license is approved or denied within 90 days of the
    initial application for a new license or a license renewal or 30 days
17  after receipt of the applicant's criminal background check from the
    Department of Justice, whichever is later.

18
    (Added by Stats. 1998, Ch. 910, § 4. Effective January 1, 1999.)
19
    **SECTION 12053**
20
    (a) A record of the following shall be maintained in the office of the
21  licensing authority:

22  (1) The denial of a license.

23  (2) The denial of an amendment to a license.

24  (3) The issuance of a license.

25  (4) The amendment of a license.

26  (5) The revocation of a license.

27  (b) Copies of each of the following shall be filed immediately by
    the issuing officer or authority with the Department of Justice:

28

-56-

1   (1) The denial of a license.

2   (2) The denial of an amendment to a license.

3   (3) The issuance of a license.

4   (4) The amendment of a license.

5   (5) The revocation of a license.

6   (c) Commencing on or before January 1, 2000, and annually thereafter, each licensing authority shall submit to the Attorney General the total
7   number of licenses issued to peace officers, pursuant to subparagraph (C) of paragraph (1) of subdivision (a) of Section 12050, and to
8   judges, pursuant to subparagraph (A) or (B) of paragraph (1) of subdivision (a) of Section 12050. The Attorney General shall
9   collect and record the information submitted pursuant to this subdivision by county and licensing authority.

10
    (Amended by Stats. 1998, Ch. 910, § 5. Effective January 1,
11  1999.)

12  **SECTION 12054**

13  (a) Each applicant for a new license or for the renewal of a license shall pay at the time of filing his or her application a fee determined
14  by the Department of Justice not to exceed the application processing costs of the Department of Justice for the direct costs of furnishing the
15  report required by Section 12052. After the department establishes fees sufficient to reimburse the department for processing costs, fees
16  charged shall increase at a rate not to exceed the legislatively approved annual cost-of-living adjustments for the department's budget. The
17  officer receiving the application and the fee shall transmit the fee, with the fingerprints if required, to the Department of Justice. The
18  licensing authority of any city, city and county, or county may charge an additional fee in an amount equal to the actual costs for processing the
19  application for a new license, excluding fingerprint and training costs, but in no case to exceed one hundred dollars ($100), and shall transmit
20  the additional fee, if any, to the city, city and county, or county treasury. The first 20 percent of this additional local fee may be
21  collected upon filing of the initial application. The balance of the fee shall be collected only upon issuance of the license.

22
    The licensing authority may charge an additional fee, not to exceed
23  twenty-five dollars ($25), for processing the application for a license renewal, and shall transmit an additional fee, if any, to the city, city
24  and county, or county treasury. These local fees may be increased at a rate not to exceed any increase in the California Consumer Price Index as
25  compiled and reported by the California Department of Industrial Relations.

26
    (b) In the case of an amended license pursuant to subdivision (f)
27  of Section 12050, the licensing authority of any city, city and county, or county may charge a fee, not to exceed ten dollars ($10),
28  except that the fee may be increased at a rate not to exceed any increase

- 57 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1   in the California Consumer Price Index as compiled and reported by the
    California Department of Industrial Relations, for processing the amended
2   license and shall transmit the fee to the city, city and county,
    or county treasury.

3

    ·(c) If psychological testing on the initial application is required by
4   the licensing authority, the license applicant shall be referred to a
    licensed psychologist used by the licensing authority for the
5   psychological testing of its own employees. The applicant may be charged
    for the actual cost of the testing in an amount not to exceed one hundred
6   fifty dollars ($150). Additional psychological testing of an applicant
    seeking license renewal shall be required only if there is compelling
7   evidence to indicate that a test is necessary. The cost to the applicant
    for this additional testing shall not exceed one hundred fifty dollars
8   ($150).

9     (d) Except as authorized pursuant to subdivisions (a), (b), and (c), no
    requirement, charge, assessment, fee, or condition that requires the
10  payment of any additional funds by the applicant may be imposed by any
    licensing authority as a condition of the application for a license.

11
    (Amended by Stats. 1998, Ch. 910, § 6. Effective January 1,
12  1999.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**- 58 -**

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "10"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

**CALIFORNIA PENAL CODE SECTIONS 12031(a) and 12031(b)·**

(a) (1) A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

(2) Carrying a loaded firearm in violation of this section is punishable, as follows:

(A) Where the person previously has been convicted of any felony, or of any crime made punishable by this chapter, as a felony.

(B) Where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(C) Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(D) Where the person is not in lawful possession of the firearm, as defined in this section, or is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

(E) Where the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(F) Where the person is not listed with the Department of Justice pursuant to Section 11106, as the registered owner of the pistol, revolver, or other firearm capable of being concealed upon the person, by imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or both that fine and imprisonment.

(G) In all cases other than those specified in subparagraphs (A) to (F), inclusive, as a misdemeanor, punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(3) For purposes of this section, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

- 60 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial**

1    (4) Nothing in this section shall preclude prosecution under
     Sections 12021 and 12021.1 of this code, Section 8100 or
2    8103 of the Welfare and Institutions Code, or any other
     law with a greater penalty than this section.

3    (5) (A) Notwithstanding paragraphs (2) and (3) of subdivision (a)
4    of Section 836, a peace officer may make an arrest without a warrant:

5    (i) When the person arrested has violated this section, although
     not in the officer's presence.

6    (ii) Whenever the officer has reasonable cause to believe that the
     person to be arrested has violated this section, whether or not this
7    section has, in fact, been violated.

8    (B) A peace officer may arrest a person for a violation
9    of subparagraph (F) of paragraph (2), if the peace officer has probable cause to believe
     that the person is carrying a loaded pistol, revolver, or other firearm
10   capable of being concealed upon the person in violation of this
     section and that person is not listed with the Department of Justice pursuant to
11   paragraph (1) of subdivision (c) of Section 11106 as the registered
     owner of that pistol, revolver, or other firearm capable of being
12   concealed upon the person.

13   (6) (A) Every person convicted under this section who has previously
     been convicted of an offense enumerated in Section 12001.6,
14   or of any crime made punishable under this chapter, shall serve a term of at
     least three months in a county jail, or, if granted probation or if the
15   execution or imposition of sentence is suspended, it shall be a condition
     thereof that he or she be imprisoned for a period of at least three
16   months.

17   (B) The court shall apply the three-month minimum sentence except in
     unusual cases where the interests of justice would best be served by
18   granting probation or suspending the imposition or execution of sentence
     without the minimum imprisonment required in this subdivision or by
19   granting probation or suspending the imposition or execution of sentence
     with conditions other than those set forth in this subdivision, in which
20   case, the court shall specify on the record and shall enter on the
     minutes the circumstances indicating that the interests of justice would
21   best be served by that disposition.

22   (7) A violation of this section which is punished by imprisonment in a
     county jail not exceeding one year shall not constitute a conviction of a
23   crime punishable by imprisonment for a term exceeding one year for the
     purposes of determining federal firearms eligibility under
24   Section 922(g)(1) of Title 18 of the United States Code.

25   (b) Subdivision (a) shall not apply to any of the following:

26   (1) Peace officers listed in Section 830.1 or 830.2, or subdivision (a)
     of Section 830.33, whether active or honorably retired, other duly
27   appointed peace officers, honorably retired peace officers listed in
     subdivision (c) of Section 830.5, other honorably retired peace officers
28   who during the course and scope of their employment as peace officers

                              - 61 -

     **Complaint for Monetary Damages, Declaratory And Injunctive Relief
     And Demand For Jury Trial**

were authorized to, and did, carry firearms, full-time paid peace officers of other states and the federal government who are carrying out official duties while in California, or any person summoned by any of those officers to assist in making arrests or preserving the peace while the person is actually engaged in assisting that officer. Any peace officer described in this paragraph who has been honorably retired shall be issued an identification certificate by the law enforcement agency from which the officer has retired. The issuing agency may charge a fee necessary to cover any reasonable expenses incurred by the agency in issuing certificates pursuant to this paragraph and paragraph (3).

Any officer, except an officer listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a loaded firearm.

No endorsement or renewal endorsement issued pursuant to paragraph (2) shall be effective unless it is in the format set forth in subparagraph (D) of paragraph (1) of subdivision (a) of Section 12027, except that any peace officer listed in subdivision (f) of Section 830.2 or in subdivision (c) of Section 830.5, who is retired between January 2, 1981, and on or before December 31, 1988, and who is authorized to carry a loaded firearm pursuant to this section, shall not be required to have an endorsement in the format set forth in subparagraph (D) of paragraph (1) of subdivision (a) of Section 12027 until the time of the issuance, on or after January 1, 1989, of a renewal endorsement pursuant to paragraph (2).

(2) A retired peace officer, except an officer listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, shall petition the issuing agency for renewal of his or her privilege to carry a loaded firearm every five years. An honorably retired peace officer listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, shall not be required to obtain an endorsement from the issuing agency to carry a loaded firearm. The agency from which a peace officer is honorably retired may, upon initial retirement of the peace officer, or at any time subsequent thereto, deny or revoke for good cause the retired officer's privilege to carry a loaded firearm. A peace officer who is listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who is retired prior to January 1, 1981, shall have his or her privilege to carry a loaded firearm denied or revoked by having the agency from which the officer retired stamp on the officer's identification certificate "No CCW privilege."

(3) An honorably retired peace officer who is listed in subdivision (c) of Section 830.5 and authorized to carry loaded firearms by this subdivision shall meet the training requirements of Section 832 and shall qualify with the firearm at least annually. The individual retired peace officer shall be responsible for maintaining his or her eligibility

- 62 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief And Demand For Jury Trial**

to carry a loaded firearm. The Department of Justice shall provide subsequent arrest notification pursuant to Section 11105.2 regarding honorably retired peace officers listed in subdivision (c) of Section 830.5 to the agency from which the officer has retired.

(4) Members of the military forces of this state or of the United States engaged in the performance of their duties.

(5) Persons who are using target ranges for the purpose of practice shooting with a firearm or who are members of shooting clubs while hunting on the premises of those clubs.

(6) The carrying of pistols, revolvers, or other firearms capable of being concealed upon the person by persons who are authorized to carry those weapons pursuant to Article 3 (commencing with Section 12050) of Chapter 1 of Title 2 of Part 4.

(7) Armored vehicle guards, as defined in Section 7521 of the Business and Professions Code, (A) if hired prior to January 1, 1977, or (B) if hired on or after that date, if they have received a firearms qualification card from the Department of Consumer Affairs, in each case while acting within the course and scope of their employment.

(8) Upon approval of the sheriff of the county in which they reside, honorably retired federal officers or agents of federal law enforcement agencies, including, but not limited to, the Federal Bureau of Investigation, the Secret Service, the United States Customs Service, the Federal Bureau of Alcohol, Tobacco, and Firearms, the Federal Bureau of Narcotics, the Drug Enforcement Administration, the United States Border Patrol, and officers or agents of the Internal Revenue Service who were authorized to carry weapons while on duty, who were assigned to duty within the state for a period of not less than one year, or who retired from active service in the state.

Retired federal officers or agents shall provide the sheriff with certification from the agency from which they retired certifying their service in the state, the nature of their retirement, and indicating the agency's concurrence that the retired federal officer or agent should be accorded the privilege of carrying a loaded firearm.

Upon approval, the sheriff shall issue a permit to the retired federal officer or agent indicating that he or she may carry a loaded firearm in accordance with this paragraph. The permit shall be valid for a period not exceeding five years, shall be carried by the retiree while carrying a loaded firearm, and may be revoked for good cause.

The sheriff of the county in which the retired federal officer or agent resides may require recertification prior to a permit renewal, and may suspend the privilege for cause. The sheriff may charge a fee necessary to cover any reasonable expenses incurred by the county.

(Amended by Stats. 1999, Ch. 571, § 3. Effective January 1, 2000.)

- 63 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "11"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

**LAW ENFORCEMENT OFFICERS SAFETY ACT (LEOSA)**

**18 U.S.C. § 926B**

(a) Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

(b) This section shall not be construed to supersede or limit the laws of any State that—
    (1) permit private persons or entities to prohibit or restrict the possession of concealed firearms on their property; or
    (2) prohibit or restrict the possession of firearms on any State or local government property, installation, building, base, or park.

    (c) As used in this section, the term "qualified law enforcement officer" means an employee of a governmental agency who—
    (1) is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest;
    (2) is authorized by the agency to carry a firearm;
    (3) is not the subject of any disciplinary action by the agency;
    (4) meets standards, if any, established by the agency which require the employee to regularly qualify in the use of a firearm;
    (5) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
    (6) is not prohibited by Federal law from receiving a firearm.

(d) The identification required by this subsection is the photographic identification issued by the governmental agency for which the individual is employed as a law enforcement officer.

(e) As used in this section, the term "firearm" does not include—
    (1) any machinegun (as defined in section 5845 of the National Firearms Act);
    (2) any firearm silencer (as defined in section 921 of this title); and
    (3) any destructive device (as defined in section 921 of this title).

**18 U.S.C. § 926C**

(a) Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

(b) This section shall not be construed to supersede or limit the laws of any State that—
    (1) permit private persons or entities to prohibit or restrict the possession of concealed firearms on their property; or
    (2) prohibit or restrict the possession of firearms on any State or local government property, installation, building, base, or park.

(c) As used in this section, the term "qualified retired law enforcement officer" means an individual who—
    (1) retired in good standing from service with a public agency as a law enforcement officer, other than for reasons of mental instability;
    (2) before such retirement, was authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

law, and had statutory powers of arrest;
    (3)
        (A) before such retirement, was regularly employed as a law enforcement officer for an aggregate of 15 years or more; or
        (B) retired from service with such agency, after completing any applicable probationary period of such service, due to a service-connected disability, as determined by such agency;
    (4) has a nonforfeitable right to benefits under the retirement plan of the agency;
    (5) during the most recent 12-month period, has met, at the expense of the individual, the State's standards for training and qualification for active law enforcement officers to carry firearms;
    (6) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
    (7) is not prohibited by Federal law from receiving a firearm.

(d) The identification required by this subsection is—
    (1) a photographic identification issued by the agency from which the individual retired from service as a law enforcement officer that indicates that the individual has, not less recently than one year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the agency to meet the standards established by the agency for training and qualification for active law enforcement officers to carry a firearm of the same type as the concealed firearm; or
    (2)
        (A) a photographic identification issued by the agency from which the individual retired from service as a law enforcement officer; and
        (B) a certification issued by the State in which the individual resides that indicates that the individual has, not less recently than one year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the State to meet the standards established by the State for training and qualification for active law enforcement officers to carry a firearm of the same type as the concealed firearm.

(e) As used in this section, the term "firearm" does not include—
    (1) any machinegun (as defined in section 5845 of the National Firearms Act);
    (2) any firearm silencer (as defined in section 921 of this title); and
    (3) a destructive device (as defined in section 921 of this title).

- 66 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "12"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

**SAN FRANCISCO POLICE CODE SECTION 613.10(g)**

**LICENSE– CONDITIONS.\***

(g) The licensee shall not sell, lease or otherwise transfer to any person any ammunition that:

(1) Serves no sporting purpose;

(2) Is designed to expand upon impact and utilize the jacket, shot or materials embedded within the jacket or shot to project or disperse barbs or other objects that are intended to increase the damage to a human body or other target (including, but not limited to, Winchester Black Talon, Speer Gold Dot, Federal Hydra-Shok, Hornady XTP, Eldorado Starfire, Hollow Point Ammunition and Remington Golden Sabre ammunition; or

(3) Is designed to fragment upon impact (including, but not limited to, Black Rhino bullets and Glaser Safety Slugs).

This subsection does not apply to conventional hollow-point ammunition with a solid lead core when the purchase is made for official law enforcement purposes and the purchaser is authorized to make such a purchase by the director of a public law enforcement agency such as the Chief of the San Francisco Police Department or the Sheriff of the City and County of San Francisco.

(Added by Ord. 91-94, App. 2/25/94; amended by Ord. 290-95, App. 9/1/95; Ord. 225-96, App. 6/11/96; Ord. 283-96, App. 7/3/96; Ord. 62-00, File No. 000197, App. 4/14/2000; Ord. 242-00, File No. 000950, App. 10/27/2000; Ord. 260-04, File No. 031932, App. 11/4/2004; Ord. 192-07, File No. 070684, App. 8/1/2007)

Editor's note: \*; The provisions of Ord. 283-96 took effect on January 1, 1997.

- 68 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "13"

**Complaint for Monetary Damages, Declaratory And Injunctive Relief
And Demand For Jury Trial**

**San Francisco Police Department Website**
**Sfgov.org - Permit Approvals**

**http://www.sfgov.org/site/police_index.asp?id=20149**

*Please refer to the attached PDF file titled, "Plaintiffs_Exhibit_13."*

- 70 -

**Complaint for Monetary Damages, Declaratory And Injunctive Relief**
**And Demand For Jury Trial**

# Police Department

LISTEN
TEXT ONLY
PRINT
A
A
A

## Permit Approvals

**Permits**

### APPROVALS REQUIRED FOR S.F.P.D. PERMITS

A. DISTRICT STATION

B. CITY PLANNING

C. CHIEF'S OFFICE

D. TAXICAB DETAIL

E. FIRE DEPARTMENT

F. PUBLIC HEALTH

G. I.S.C.O.T.T.

H. HEALTH DEPARTMENT

I. PARK & REC. DEPT

J. NOISE ABATEMENT

K1. ELECTRICAL

K2. PLUMBING

K3. BUILDING

L. PERMIT SECTION

M. AUTO DETAIL

N. VICE

O. DEPT. FOOD &
AGRICULTURE

P. _____

A  B  C  D  E  F  G  H  I  J  K  L  M  N  O  P  Q  R  S  T  U  V  W  X  Y  Z

| TYPE OF PERMIT | CODE | MPC SECTION |
|---|---|---|
| **A** | | |
| Antique Shop | A,B,E,H | 1276 - 1282 |
| Auto Wrecker | A,B,E,K3,M | 817, 1235-1239 |
| **B** | | |
| Ball / Ring Throw Games | A,B, | 1021 |
| Balloon / Kite Advertising | A,E,I | 989 - 992 |
| Bingo Games | A,B,E,F,K1,K3,N | 3200 - 3227 |
| Bingo Amendment | A,K1,K3 | 3209 |
| **C** | | |
| Charitable Solicitation | L | 660 - 660.25 |

| | | |
|---|---|---|
| Closing Out Sale | A | 1267 - 1270 |
| **D** | | |
| Dealer In Firearms | A,B,E,F,H | 613 - 617 |
| Discharge of Cannon | A,E | 1289 - 1289.1 |
| Driverless Auto Rental | A,B,E | 1175 - 1180 |
| **E** | | |
| Encounter Studio, Owner | A,B,E,F,K1,K3,N | 1072.1-1072.45 |
| Encounter Studio, Employ. | N | 1072.1-1072.45 |
| Escort Service, Owner | A,B,E,K1,K3,N | 1074.1-1074.30 |
| Escort Service, Employ. | N | 1074.1-1074.30 |
| **F** | | |
| Fortune Telling | A, B, L, P-(Fraud) | 1300 – 1319.2 |
| Funeral Procession Escort | | |
| **G H** | | |
| Heliport Landing, Off-Site | See Heliport Section | 3100 - 3112 |
| Horse Drawn Vehicles | A,F,G,I,L | 490 - 509 |
| **I** | | |
| **J** | | |
| Junk Dealer | A,B,E,F,K1,K3 | 974.1 - 974.25 |
| Junk Gatherer Resident / Non-Resident | A,B,E | 895 - 898 |
| **K L** | | |

| Licensed Tour Guide | A | 1295 |
|---|---|---|
| **M** | | |
| Mechanical Contrivance | A,B,N | 1045 - 1049 |
| Miniature Golf Course | A,B,K1,K3 | 770 - 781 |
| Mobile Caterer | A,E,F,L | 1320 - 1320.24 |
| Mobile Caterer, Additional Stop | A | 1320 - 1320.24 |
| Mobile Caterer, Assistant | L | 1320 - 1320.24 |
| Mobile Caterer, Transfer of Stop | L | 1320 - 1320.24 |
| Motorized Rickshaw | L | 1075 - 1195.28 |
| Museum | A,B,E,K1,K3 | 1045 - 1049 |
| **N** | | |
| Nude Model / Public Studio, Owner | A,B,E,K1,K3,N | 1073.1-1073.34 |
| Nude Model / Public Studio, Employee | A | 1073.1-1073.34 |
| **O** | | |
| **P** | | |
| Pawnbroker, State | A,B,E,H | 2800 - 2824 |
| Peddler / Pushcart, Food | A,B,E,F,O | 1330 - 1330.21 |
| Peddler, Non Food | A,B | 864 - 870 |
| Peddler, Employee Solicitor | A,B | 864 - 870 |
| Pedicab Driver | | |
| Pedicab Owner First PC | | |

Case4:09-cv-04493-CW   Document12   Filed09/23/09   Page51 of 52

| | | |
|---|---|---|
| Pedicab Owner Ea.Addn. PC | | |
| Photographer / Public Place, Owner | A | 3400 - 3427 |
| Photographer / Public Place | A | 3400 - 3427 |
| Photographic Solicitor, Owner | A | 3400 - 3427 |
| Photographic Solicitor, Employee | A | 3400 - 3427 |
| Poker Games | A,B,E,F,K1,K3,N | 3200a - 3224a |
| Poker Games, Amendment | A | 3200a - 3224a |
| Public Outcry Sales | A,B,E | 1200 - 1214 |
| Public Bath House | | |
| **Q R** | | |
| Recreational Equip. Vendor | A | 1050 - 1055 |
| Rodeo Exhibition / Wild West Show | A,B | 1020 |
| **S** | | |
| Secondhand Dealer | A,B,E,H | 1276 - 1282 |
| Secondhand Dealer / Auto Accessories, State | A,B,E,H | 1235 - 1238 |
| Shooting Gallery | A,B,E,K1,K3 | 1039 - 1044 |
| Street Photographer, Owner | A | 3400 - 3427 |
| Street Photographer, Solicitor | A | 3400 - 3427 |
| **T** | | |
| Tow Car Driver/Operator | A,,L | 3000 - 3000.13 |
| Tow Car Owners | A,B,L | 3050 - 3065 |

| Trade In Dealer | A,B,E,H | 1276 - 1282 |
|---|---|---|
| U V W X Y Z | | |
| Valet Parking, Fixed Location | A,G | 835 - 839 |
| Valet Parking, Special Event | L | 835 - 839 |

Click here to view and search Municipal Police Codes (MPC)

Taxi drivers are still processed here