THE LAW OFFICES OF GARY W. GORSKI
Gary W. Gorski - SBN: 166526
usrugby@gmail.com

Co-Counsel
CC WEAVER & ASSOCIATES
Craig C. Weaver - SBN: 264571
P.O. Box 2275, Folsom, CA 95763
Tel. (916) 941-5184 | Fax (916) 404-4867
craigcweaver@ccweaver.com

THE LAW OFFICE OF DANIEL M. KARALASH
Daniel M. Karalash - SBN: 176422
dankaralash@gmail.com

LAW OFFICE OF DUSTIN MACFARLANE
Dustin MacFarlane - SBN: 262162
dustinmacfarlane@gmail.com

LAW OFFICE OF BRIAN KENNEDY
Brian Kennedy - SBN: 247961
brian_kennedy6@yahoo.com

Attorneys for Plaintiff

# THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESE MARIE PIZZO, | Case No. 4:09-cv-04493-CW |
| Plaintiff, | |
| vs. | **NOTICE OF RELATED CASES PURSUANT TO CIVIL L.R. 3-12 TO BE FILED IN CASE NO. 4:09-CV-04493-CW AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11** |
| CITY AND COUNTY OF SAN FRANCISCO MAYOR GAVIN NEWSOM, in both his individual and official capacities; FORMER SAN FRANCISCO POLICE DEPARTMENT; CHIEF OF POLICE HEATHER FONG, in both her individual and official capacities; SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE GEORGE GASCON, in his official capacity; SAN FRANCISCO SHERIFF MICHAEL HENNESSEY, in both his individual and official capacities; CITY AND COUNTY OF SAN FRANCISCO; and STATE OF CALIFORNIA ATTORNEY GENERAL EDMUND G. BROWN, in his official capacity, | |
| Defendants. | |

- 1 -

---

**Notice of Related Cases Pursuant to Civil L.R. 3-12 to be Filed in Case No. 4:09-cv-04493-CW
And Administrative Motion to Consider Whether Cases Should be Related
Pursuant to Civil L.R. 7-11**

Plaintiff Thomas Jacobs ("Plaintiff" or "Mr. Jacobs") by and through his attorneys of record, hereby respectfully submits this Notice of Related Cases pursuant to Civil L.R. 3-12 and the required Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 7-11.

## I.  APPLICABLE STANDARD UNDER CIVIL L.R. 3-12

Under Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

Whenever a party knows or believes that an action may be related to an action which is or was pending in the Northern District, said party "must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."[1] Civil L.R. 3-12(b). That motion must include: "(1) The title and case number of each apparently related case; (2) A brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)."

## II.  *PIZZO* AND *JACOBS* SHOULD NOT BE RELATED

The *Pizzo* case was filed in the Northern District of California on September 23, 2009. That action challenges the validity of San Francisco Code sections 4512, 1290, and 613.10(g), California Penal Code sections 12050, *et al.*, and 12031, as well as the Law Enforcement Officers Safety Act ("LEOSA"), codified at 18 U.S.C. §§ 926B and 926C. The *Jacobs* case, filed in the Eastern District of California on April 16, 2010, Case No. 2:10-cv-00913-LKK-EFB also challenges California Penal Code Sections 12050, *et al.*, 12031(b), and LEOSA, However, unlike *Pizzo*, in addition, the *Jacobs* case also challenges California Penal Code sections 12025, 12027, and 12027.1. Further, the *Jacobs* case does not address the San Francisco Police Code sections challenged in *Pizzo*.

---

[1] "In addition to complying with Civil L.R. 7-11, a copy of the motion, together with proof of service pursuant to Civil L.R. 5-6, must be served on all known parties to each apparently related action. A Chambers copy of the motion must be lodged with the assigned Judge in each apparently related cause under Civil L.R. 5-1(b)." Civil L.R. 3-12(b).

- 2 -

**Notice of Related Cases Pursuant to Civil L.R. 3-12 to be Filed in Case No. 4:09-cv-04493-CW
And Administrative Motion to Consider Whether Cases Should be Related
Pursuant to Civil L.R. 7-11**

The claims in both cases assert violations of the Plaintiffs' constitutional rights under the Second, Fourteenth, and Fifth Amendments to the United States Constitution, as well as violations of the Constitution and laws of the State of California. However, *Pizzo* and *Jacobs* share only one (1) named defendant, *i.e.* State of California Attorney General Edmund G. Brown, named in his official capacity.

Although the actions challenge some of the same laws, they do not involve the same transactions and events, the identical defendants, or identical causes of action. The events giving rise to the claims alleged in *Pizzo* occurred in the City and County of San Francisco whereas the events giving rise to the claims in *Jacobs* occurred in the County of Santa Clara and the City of San Jose. Furthermore, there is only a minimal risk that keeping the actions separate will result in conflicting decisions because in the event either of these actions were to proceed to trial, by that time the Supreme Court of the United States will more than likely have rendered a decision in *McDonald v. City of Chicago*, and likewise the Ninth Circuit will likely have rendered an opinion in *Nordyke v. King*, thus giving the courts guidance as to the current state of the law.

Dated:  April 16, 2010

Respectfully Submitted,
CC WEAVER & ASSOCIATES

/s/
Craig C. Weaver
Attorney for Plaintiff

**Notice of Related Cases Pursuant to Civil L.R. 3-12 to be Filed in Case No. 4:09-cv-04493-CW
And Administrative Motion to Consider Whether Cases Should be Related
Pursuant to Civil L.R. 7-11**