| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
| | Glenn S. McRoberts - S.B.N. 144852 |
| 2 | Clinton B. Monfort - S.B.N. 255609 |
| | MICHEL & ASSOCIATES, PC |
| 3 | 180 E. Ocean Boulevard, Suite 200 |
| | Long Beach, CA 90802 |
| 4 | Telephone: 562-216-4444 |
| | Facsimile: 562-216-4445 |
| 5 | Email: cmichel@michellawyers.com |
| 6 | Attorneys for Amicus Curiae Applicants National Rifle Association, Inc. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESE MARIE PIZZO, | CASE NO. 09-CV-04493-CW |
| Plaintiffs | **DECLARATION OF C. D. MICHEL IN SUPPORT OF MOTION FOR AMICUS CURIAE STATUS BY NATIONAL RIFLE ASSOCIATION, INC.; EXHIBITS A – K IN SUPPORT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in both his individual and official capacities; FORMER SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE HEATHER FONG, in both her individual and official capacities; SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE GEORGE GASCÓN, in his official capacity, SAN FRANCISCO SHERIFF MICHAEL HENNESSEY, in both his individual and official capacities; CITY AND COUNTY OF SAN FRANCISCO; and STATE OF CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS in her official capacity, | Hearing Date: May 5, 2011<br>Time: 2:00 p.m.<br>Place: Courtroom 2, 4th Floor |
| Defendants. | |

Declaration of C. D. Michel In Support of Motion for Amicus Curiae Status

**DECLARATION OF C.D. MICHEL**

I , C. D. Michel, declare as follows:

1. I am an attorney at law, duly licensed to practice and practicing before all the Courts of the State of California and the United States District Court for the Northern District of California. I am an attorney with the law firm Michel & Associates, P.C., attorneys of record for National Rifle Association, Inc., in this motion for amicus status and in *Jackson v. City and County of San Francisco*, No. 09-2143, currently before Judge Richard Seeborg. The facts herein are within my personal knowledge and, if called and sworn as a witness, I would testify competently thereto.

2. On May 15, 2009, our office filed a complaint in *Jackson v. City and County of San Francisco* on behalf National Rifle Association, Inc. and several individual and associational plaintiffs. *Jackson* raises constitutional challenges to San Francisco Police Code ("SFPC") sections 4512, 1290, and 613.10(g).

3. Attached hereto as Exhibit "A" is a true and correct copy of Civil Docket, *Jackson v. City and County of San Francisco*, No. 9-02143 (N.D. Cal. filed May 15, 2009). This document was retrieved from the Northern District of California's PACER website on March 29, 2011.

4. On July 9, 2009, defendants in *Jackson* filed a Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction, and a hearing was set for September 23, 2009. On August 24, 2009, Plaintiffs filed a First Amended Complaint, mooting defendants' Motion to Dismiss. (*See* Ex. A.)

5. On August 27, 2009, the *Jackson* parties participated in an Initial Case Management Conference, during which the parties stipulated to staying the action pending a decision by the Ninth Circuit in *Nordyke v. King*, No. 07-15763. Attached hereto as Exhibit "B" is a true and correct copy of the Minute Order of the Case Management Conference.

6. On or about June 10, 2010, in the context of discussions regarding the consolidation of *Pizzo* and *Jackson*, defendants' counsel implied that she might choose to move the *Pizzo* case forward more quickly than *Jackson*, stating that she could "think of many good

reasons" for doing so.

7. On June 17, 2010, the *Jackson* plaintiffs moved to lift the stay in light of the pending release of the U.S. Supreme Court's decision in *McDonald v. City of Chicago*, __ U.S. __, 130 S. Ct. 3020 (2010). Defendants filed an opposition to plaintiffs' motion on July 1, 2010. On September 13, 2010, the *Jackson* court granted plaintiffs' motion, lifting the stay. Attached hereto as Exhibit "C" is a true and correct copy of the Order Granting Motion to Lift Stay.

8. On September 22, 2010, the *Jackson* defendants filed a Motion for Extension of Time to Respond to First Amended Complaint and Exceed Otherwise Applicable Page Limits. (*See* Ex. A.) Even though plaintiffs were troubled by the fact that the extension would slow progress of their case, they filed a statement of non-opposition to defendants' motion on September 24, 2010. Attached hereto as Exhibit "D" is a true and correct copy of the Order Re: Motion to Extend Response Time and Page Limits.

9. On September 27, 2010, the *Jackson* defendants filed a Motion to Consolidate *Jackson* with *Pizzo*. (*See* Ex. A.)

10. On November 18, 2010, the Jackson plaintiffs filed their opposition to defendants' Motion to Consolidate. (*See* Ex. A.) The *Jackson* plaintiffs, including National Rifle Association, Inc., opposed consolidation with *Pizzo* for several reasons. Most importantly, plaintiffs feared that the very different litigation strategies being pursued in each case made it unlikely their interests could be sufficiently protected in a consolidated action. Because *Pizzo* raises eleven claims, challenging local, state, and federal laws, under a number of theories, against multiple local and state officials, it runs counter to the *Jackson* plaintiffs' careful selection of their claims, and it suggests that sufficient energy and resources will not be devoted to or expended on the constitutional challenges to sections 4215, 1290, and 613.10(g). In sum, the *Jackson* plaintiffs opposed consolidation with *Pizzo* to avoid being bogged down by the various other issues involved in this case. But just as important to NRA was the fact that the *Pizzo* case was stayed when the *Jackson* defendants brought their consolidation motion.

11. On December 16, 2010, the *Jackson* court denied defendants' request to consolidate these two cases. Attached hereto as Exhibit "E" is a true and correct copy of the Order

Denying Motion to Consolidate.

12. On January 27, 2011, the *Jackson* defendants filed a Stipulation and [Proposed] Order Extending Time for Defendants to Respond to Plaintiffs' First Amended Complaint to which plaintiffs agreed out of professional courtesy. (*See* Ex. A.) On January 28, 2011, the *Jackson* court accepted the parties' agreement. Attached hereto as Exhibit "F" is a true and correct copy of the Stipulation and Order Extending Time for Defendants to Respond to Plaintiffs' First Amended Complaint.

13. On February 10, 2011, the *Jackson* defendants filed a Motion to Dismiss for Lack of Jurisdiction on standing and ripeness grounds, and plaintiffs filed their opposition to defendants' motion on March 23, 2011. (*See* Ex. A) The *Jackson* defendants' Reply is due March 31, 2011. The hearing on defendants' motion is set to be heard before Judge Richard Seeborg at 1:30 p.m. on April 14, 2011.

14. On or about March 21, 2011, our office first approached defendants, the City and County of San Francisco ("the City"), through its attorney of record, to inform of NRA's intention to file for amicus curiae status in *Pizzo*. At or around 3:10 p.m. on March 22, 2011, the City, through its attorney of record, Sherri Sokeland Kaiser, responded to our e-mail. Ms. Kaiser suggested we coordinate with Plaintiff Pizzo's counsel, Gary Gorski, in the matter. At or around 3:48 p.m. on March 22, 2011, our office replied to Ms. Kaiser, informing her that Mr. Gorski had previously been non-responsive to our communications, and I again asked whether the City would oppose NRA's participation as amicus curiae in *Pizzo*. At or around 4:10 p.m. on March 22, 2011, Ms. Kaiser responded, again suggesting that we coordinate efforts with Mr. Gorski. At this time, she also indicated that the City would likely oppose NRA's attempt to participate as amicus, but could not say for certain before reviewing our brief(s).

15. On or about March 31, 2011, my office sent an e-mail to all *Pizzo* parties, through their attorneys of record. The correspondence informed each party of NRA's intention to file a motion to participate in *Pizzo* as amicus curiae, summarized NRA's grounds for seeking amicus status, and asked whether any party would oppose such a motion. Our office gave each party until the close of business on March 31, 2011 to respond. Attached hereto as Exhibit "G" is a true and

Declaration of C. D. Michel In Support of Motion for Amicus Curiae Status
3

1 | correct copy of the e-mail sent from my office to all parties and their attorneys of record regarding
2 | NRA's motion to participate as amicus curiae.

3 |     16.    On or about March 31, 2011, plaintiff Pizzo's counsel replied to NRA's request,
4 | indicating that his client would oppose NRA's involvement in *Pizzo* as amicus curiae.

5 |     17.    On or about March 31, 2011, the City and County defendants, through their
6 | attorney of record, replied to NRA's request, indicating that they would oppose NRA's
7 | involvement in *Pizzo* as amicus curiae.

8 |     18.    As of the time of filing, defendant State of California Attorney General Kamala
9 | Harris has yet to respond to NRA's request.

10 |     19.    Attached hereto as Exhibit "H" is a true and correct copy of General Docket,
11 | *Silveira v. Lockyer*, 312 F.3d 1052 (2002) (No. 01-15098). This document was retrieved from the
12 | Ninth Circuit Court of Appeals' PACER website on March 29, 2011.

13 |     20.    Attached hereto as Exhibit "I" is a true and correct copy of Order, *Silveira v.*
14 | *Lockyer*, No. 00-0411 (E.D. Cal. July 8, 2003). This document was retrieved from the Eastern
15 | District of California's PACER website on March 31, 2011.

16 |     21.    Attached hereto as Exhibit "J" is a true and correct copy of Order, *Mehl v. Blanas*,
17 | No. 03-2682 (E.D. Cal. Mar. 9, 2011). This document was retrieved from the Eastern District of
18 | California's PACER website on March 31, 2011.

19 |     22.    Attached hereto as Exhibit "K" is a true and correct copy of Reporter's Transcript,
20 | Court's Rulings on Motions to Dismiss, *Rothery v. Blanas*, No. 08-2064 (E.D. Cal. July 15, 2009).
21 | This document was retrieved from the Eastern District of California's PACER website on March
22 | 29, 2011.

23 |     I declare under penalty of perjury that the foregoing is true and correct.
24 |     Executed within the United States on March 31, 2011.

                                                /S/
                                            C. D. Michel

Declaration of C. D. Michel In Support of Motion for Amicus Curiae Status
4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THERESE MARIE PIZZO,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in both his individual and official capacities; FORMER SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE HEATHER FONG, in both her individual and official capacities; SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE GEORGE GASCÓN, in his official capacity, SAN FRANCISCO SHERIFF MICHAEL HENNESSEY, in both his individual and official capacities; CITY AND COUNTY OF SAN FRANCISCO; and STATE OF CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS in her official capacity,<br><br>Defendants. | CASE NO.: CV-09-2143-RS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**DECLARATION OF C. D. MICHEL IN SUPPORT OF MOTION FOR AMICUS CURIAE STATUS BY NATIONAL RIFLE ASSOCIATION, INC.; EXHIBITS A – K IN SUPPORT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**"SEE ATTACHED SERVICE LIST"**

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2011.

                                                        /S/
                                            C. D. Michel
                                            Attorney for Amicus

# "SERVICE LIST"

Gary William Gorski
Law Offices of Gary W. Gorski
8549 Nephi Way
Fair Oaks, CA 95628
(916)965-6800
(916)065-6801 (fax)
usrugby@gmail.com

Geoffrey Lloyd Graybill
California Attorney General's Office
1300 I Street
P.O. Box 944255
Sacramento, CA 94244-2550
(916) 324-5465
(916) 324-8835 (fax)
geoffrey.graybill@doj.ca.gov

Sherri Sokeland Kaiser
Office of the City Attorney
City & County of San Francisco
#1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102-4682
(415) 554-4691
(415) 554-4747 (fax)
sherri.sokeland.kaiser@sfgov.org

Daniel Michael Karalash
Law Ofc Daniel M Karalash
1207 Front St Ste 15
Sacramento, CA 95814
916-787-1234
916-787-0267 (fax)
dankaralash@gmail.com

Craig Cox Weaver
CC WEAVER & ASSOCIATES
P.O. Box 2275
Folsom, CA 95763
916-941-5184
916-404-4867 (fax)
craigcweaver@ccweaver.com

Declaration of C. D. Michel In Support of Motion for Amicus Curiae Status