| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
| | Glenn S. McRoberts - S.B.N. 144852 |
| 2 | Clinton B. Monfort - S.B.N. 255609 |
| | MICHEL & ASSOCIATES, PC |
| 3 | 180 E. Ocean Boulevard, Suite 200 |
| | Long Beach, CA 90802 |
| 4 | Telephone: 562-216-4444 |
| | Facsimile: 562-216-4445 |
| 5 | Email: cmichel@michellawyers.com |
| 6 | Attorneys for Amicus Curiae Applicants National Rifle Association, Inc. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| THERESE MARIE PIZZO, | ) | CASE NO. 09-CV-04493-CW |
| | ) | |
| Plaintiffs | ) | **NATIONAL RIFLE ASSOCIATION, INC.'S** |
| | ) | **REPLY TO SAN FRANCISCO** |
| vs. | ) | **DEFENDANTS' OPPOSITION TO MOTION** |
| | ) | **FOR AMICUS CURIAE STATUS** |
| CITY AND COUNTY OF SAN | ) | |
| FRANCISCO, MAYOR GAVIN | ) | |
| NEWSOM, in both his individual and | ) | Hearing Date: May 5, 2011 |
| official capacities; FORMER SAN | ) | Time:            2:00 p.m. |
| FRANCISCO POLICE DEPARTMENT | ) | Place:           Courtroom 2, 4th Floor |
| CHIEF OF POLICE HEATHER FONG, in | ) | |
| both her individual and official capacities; | ) | |
| SAN FRANCISCO POLICE | ) | |
| DEPARTMENT CHIEF OF POLICE | ) | |
| GEORGE GASCÓN, in his official | ) | |
| capacity, SAN FRANCISCO SHERIFF | ) | |
| MICHAEL HENNESSEY, in both his | ) | |
| individual and official capacities; CITY | ) | |
| AND COUNTY OF SAN FRANCISCO; | ) | |
| and STATE OF CALIFORNIA | ) | |
| ATTORNEY GENERAL KAMALA | ) | |
| HARRIS in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**I.  NRA'S PARTICIPATION AS AMICUS IS APPROPRIATE, PARTICULARLY GIVEN THE PROCEDURAL POSTURE OF *JACKSON* AND *PIZZO***

   **A.  NRA Seeks To Have Its Voice Heard in *Pizzo* To Protect Its Members' Interests**

NRA seeks to participate as an Amicus to ensure its members' interests will be properly heard and protected. As detailed in NRA's moving papers, because of the likelihood that *Pizzo* will be litigated on its substantive merits before *Jackson*, any result in *Pizzo* will directly impact NRA's claims in *Jackson*. As such, NRA's members have a strong interest in the outcome of *Pizzo*, and they deserve the opportunity to be heard before the *Pizzo* court.

Regardless, the San Francisco Defendants in *Pizzo* ("Defendants") suggest NRA only wishes to be heard first, and that its concerns are purely fictional because the *Jackson* court is free to reach its own conclusions about the merits of NRA's claims that were duplicated in *Pizzo*. But NRA is not required to stand idly by and rely on Defendants' assurances. And simple logic, along with even the most cursory review of Defendants' litigation tactics to date, suggest otherwise. It strains reason to imagine that Defendants would obtain a favorable judgment in *Pizzo* and not attempt to use such judgment as persuasive authority in its defense of plaintiffs' claims in *Jackson*. Defendants' ability to point to a dispositive ruling in *Pizzo in and of itself* would burden NRA and the Jackson plaintiffs such that participation as Amicus is appropriate.

What is more, in light of Defendants' strategy to stall *Jackson* while expediting *Pizzo*, NRA faces the very real possibility that *Pizzo* will reach the Ninth Circuit Court of Appeals (regardless of which party prevails) and result in authority that binds the *Jackson* plaintiffs. NRA would thus be denied the ability to provide any insight that may impact the Court's analysis and shape the issues on appeal if it is forced to rely on Defendants' promises that *Pizzo* will have no impact on *Jackson*.

Because NRA reasonably fears its members' interests will not be adequately represented and that *Pizzo* will proceed to resolution on the merits before NRA has an opportunity to be heard, NRA should be granted the limited role of Amicus in *Pizzo*.

/ / /

/ / /

1

**B.     Defendant are Not Entitled To Exclude NRA's Voice In *Pizzo* Simply Because The *Jackson* Court Ruled Consolidation Was Not Appropriate**

Contrary to the position lobbied by Defendants, NRA is appropriately qualified as an Amicus, and the path to amicus participation is not foreclosed because NRA opted not to stipulate to consolidate *Jackson* with a stayed *Pizzo* case, and consistent with the *Jackson* court's rulings regarding the appropriateness of entangling the two cases.

Despite Defendants' best attempts to conflate the issues, NRA has never sought any inappropriate advantage. As noted, NRA initially joined with Defendants in requesting the *Jackson* court relate the two cases. When the *Jackson* court explained in detail, however, that the two cases have vast differences such that mere relation of the cases was inappropriate, NRA took heed and considered the issue a moot point. Nonetheless, in opposing the *Jackson* plaintiffs' Motion For Relief From Stay, both in their Opposition and again at hearing, Defendants in essence motioned the court to consolidate *Jackson* and *Pizzo*, suggesting that they would not oppose the stay in *Jackson* for those limited purposes. NRA squarely assumed that the *Jackson* court would not favor consolidation based on its previous guidance, but nonetheless stated they would not object if the Court were to somehow find that the cases should now be consolidated.

In granting the *Jackson* plaintiffs' Motion for Relief from Stay, the Court reminded Defendants that the proper way to request consolidation is via noticed motion, not in an opposition to the *Jackson* plaintiffs' motion. Unfortunately, Defendants incorrectly read this as an invitation to file a motion for consolidation, which Plaintiffs thought was unnecessary in light of the court's guidance that the two cases should not be related, and also in light of the fact that *Jackson* was no longer stayed while *Pizzo* remained stayed. Defendants nonetheless filed its consolidation motion in *Jackson*, which the court promptly denied, citing the concerns identified in its Order denying the request to relate the two cases, and clarifying that it would unfairly prejudice the *Jackson* plaintiffs to force them to be procedurally tied to a case that is stayed and bogged down with numerous other claims and parties.

Defendants somehow equate this chain of events with an attempt of the *Jackson* plaintiffs to control *Pizzo*. But even if they wanted to, the *Jackson* plaintiffs (including NRA) have no

power to control *Pizzo*. The *Jackson* plaintiffs plainly had no interest in consolidating their case with a stayed case after the *Jackson* court already expressly stated that the two cases should not even be related.

The reality, it appears, is that Defendants did not want to have to litigate these two cases separately; and now that they do, counsel is making good on her promise to move *Pizzo* more quickly than *Jackson*. Tellingly, Defendants make no effort to dispute this threat. But NRA should not be punished by being completely deprived of the opportunity to have its voice heard on the merits of a cut and pasted case that will likely reach resolution on the merits first, and possibly on appeal, solely because the *Jackson* court disagreed with City's plan to consolidate the two cases.

### III. NRA DOES NOT WISH TO CONTROL PLAINTIFF'S CASE OR THIS LITIGATION AS CITY PROCLAIMS, BUT WISHES TO WEIGH IN ON ISSUES OF GRAVE IMPORTANCE TO ITS MEMBERS AS THIS COURT SEES FIT

By participating as amicus, NRA will add a meaningful voice to this case of high public importance, but will direct its efforts so as to refrain from placing undue burden on the Court and the other parties. *See Silver v. Babbitt*, 166 F.R.D. 418, 435 (D. Ariz. 1994).

Contrary to Defendants' characterizations of NRA's motives, NRA does not wish to "control" the *Pizzo* plaintiff or her counsel's management of this case. Rather, NRA wishes to ensure its members are given a voice in a case of significant importance to them. On top of the *Jackson* plaintiffs not having the power to exercise control over plaintiff Pizzo and her counsel, the Court has the authority to prevent that from happening. As noted in their moving papers, NRA will respect the briefing schedule set in this case and, if the Court so desires, NRA would be willing to file its brief(s) after plaintiff's filing(s) so as to avoid unnecessary repetition of argument, consistent with Federal Rule of Appellate Procedure 29.

As Defendants themselves note, amicus participation is appropriate in circumstances such as this, where organizations like the NRA seek to weigh in on issues at stake in the litigation, and have no interest in directing the case or creating additional issues.

With respect to the belated Joinder to Defendants' Opposition filed by plaintiff Pizzo's counsel just prior to NRA's deadline to file its reply, the submission of additional evidence (and

3
Reply to San Francisco Defendants' Opposition to Motion for Amicus Curiae Status    09-CV-04493

argument masquerading as evidence) in support of Defendants' argument is inappropriate. Though NRA is not aware of any federal jurisprudence on this issue, such reasoning is consistent with the notion that joinder to another party's motion allows the joining party to accept the *drafting party's memorandum and arguments as his own*. See *Barak v. Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660-661. In accepting a drafting party's argument as its own, the joining party should not be permitted to evade filing deadlines governing the submission of its own arguments and evidence in support thereof by submitting irrelevant evidence unrelated to the arguments found in that party's memorandum. Such is the case here, as the declaration submitted by plaintiff's counsel does not offer any evidence that NRA intends to control plaintiff Pizzo's management of this case. To be sure, the new evidence and argument submitted in support of plaintiff Pizzo's Joinder is irrelevant to a consideration of whether NRA should be afforded an opportunity to be heard and should be disregarded.

## CONCLUSION

NRA's participation as Amicus is consistent with case law reiterating that the courts have generally adopted a broad approach to amicus participation, generally granting amicus status and, if the amicus brief is ultimately unhelpful or duplicative, the court may simply disregard the amicus' input. *Id.* See *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002). As such, the Court should exercise its broad discretion to allow NRA to participate as an Amicus.

Date: April 21, 2011                    **MICHEL & ASSOCIATES, PC**


 /S/C.D. Michel
C. D. Michel
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| THERESE MARIE PIZZO,<br><br>　　　　Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in both his individual and official capacities; FORMER SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE HEATHER FONG, in both her individual and official capacities; SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE GEORGE GASCÓN, in his official capacity, SAN FRANCISCO SHERIFF MICHAEL HENNESSEY, in both his individual and official capacities; CITY AND COUNTY OF SAN FRANCISCO; and STATE OF CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS in her official capacity,<br><br>　　　　Defendants. | CASE NO.: 09-CV-04493-CW<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

　　I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

　　I am not a party to the above-entitled action. I have caused service of:

**NATIONAL RIFLE ASSOCIATION, INC.'S REPLY TO SAN FRANCISCO DEFENDANTS' OPPOSITION TO MOTION FOR AMICUS CURIAE STATUS**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　　　　　　　　　**"SEE ATTACHED SERVICE LIST"**

　　I declare under penalty of perjury that the foregoing is true and correct. Executed on April 21, 2011._____

　　　　　　　　　　　　　　　　　　　　　　　　/S/ C.D. Michel_____
　　　　　　　　　　　　　　　　　　　　　　　　C. D. Michel
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Amicus

**"SERVICE LIST"**

Gary William Gorski
Law Offices of Gary W. Gorski
8549 Nephi Way
Fair Oaks, CA 95628
(916)965-6800
(916)065-6801 (fax)
usrugby@gmail.com

Geoffrey Lloyd Graybill
California Attorney General's Office
1300 I Street
P.O. Box 944255
Sacramento, CA 94244-2550
(916) 324-5465
(916) 324-8835 (fax)
geoffrey.graybill@doj.ca.gov

Sherri Sokeland Kaiser
Office of the City Attorney
City & County of San Francisco
#1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102-4682
(415) 554-4691
(415) 554-4747 (fax)
sherri.sokeland.kaiser@sfgov.org

Daniel Michael Karalash
Law Ofc Daniel M Karalash
1207 Front St Ste 15
Sacramento, CA 95814
916-787-1234
916-787-0267 (fax)
dankaralash@gmail.com

Craig Cox Weaver
CC WEAVER & ASSOCIATES
P.O. Box 2275
Folsom, CA 95763
916-941-5184
916-404-4867 (fax)
craigcweaver@ccweaver.com