| | |
|---|---|
| 1 | Simon J. Frankel (State Bar No. 171552) |
|   | sfrankel@cov.com |
| 2 | Samantha J. Choe (State Bar No. 252002) |
|   | schoe@cov.com |
| 3 | COVINGTON & BURLING LLP |
|   | One Front Street, 35th Floor |
| 4 | San Francisco, CA  94111 |
|   | Telephone:    (415) 591-6000 |
| 5 | Facsimile:     (415) 591-6091 |
| 6 | Attorneys for *Amicus Curiae* Applicant |
|   | LEGAL COMMUNITY AGAINST VIOLENCE |

Lines: 1-28 (pleading paper line numbers)

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THERESE MARIE PIZZO, | Civil Case No.:  09-cv-04493-CW |
| Plaintiff, | |
| v. | **NON-PARTY LEGAL COMMUNITY AGAINST VIOLENCE'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING LEAVE TO FILE AMICUS BRIEF** |
| CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in both his individual and official capacities; FORMER SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE HEATHER FONG, in both her individual and official capacities; SAN FRANCISCO POLICE DEPARTMENT CHIEF OF POLICE GEORGE GASCÓN, in his official capacity, SAN FRANCISCO SHERIFF MICHAEL HENNESSEY, in both his individual and official capacities; CITY AND COUNTY OF SAN FRANCISCO; and STATE OF CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS in her official capacity, | Local Rule 7-11 |
| | Judge:           Hon. Claudia Wilken |
| | Courtroom:    2, 4th Floor |
| Defendants. | |

Pursuant to Local Rule 7-11, Legal Community Against Violence ("LCAV") submits this motion for administrative relief seeking leave to allow LCAV *amicus curiae* status to participate in this action. The Court should allow LCAV to participate as *amicus curiae* with respect to any dispositive motions given LCAV's commitment to preventing gun violence, its expertise in analyzing firearms policies and related cases, and the unique perspective LCAV will offer the Court in evaluating the constitutionality of Section 25850 (formerly Section 12031) and Section 26150 *et seq.* (formerly Section 12050) of the California Penal Code.

## I. STANDARD FOR MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

District courts have broad discretion to permit third parties to participate in an action as *amici curiae*. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, at *7 (N.D. Cal. Jan. 9, 2007); *see Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, 2010 U.S. Dist. LEXIS 61394, at *4 (E.D. Cal. June 3, 2010) (the "Court retains broad discretion to either permit or reject the appearance of amicus curiae") (citation omitted). Such discretion is generally exercised liberally, as there are no strict prerequisites that must be established to qualify for *amicus* status. *Id.* at *8. The sole criterion is that the applicant must demonstrate that its "participation is useful or otherwise desirable to the court." *Id.* (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). District courts frequently accept *amicus* briefs from non-parties where the legal issues in a case "have potential ramifications beyond the parties directly involved." *Sonoma Falls Devs., LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (citation omitted); *see Nat'l Petrochemical & Refiners Ass'n*, 2010 U.S. LEXIS 61394, at *5 ("District courts frequently welcome amicus briefs from non-parties . . . if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide.") (citation omitted).

Here, the Court has specifically indicated a willingness to consider *amicus* briefs from non-parties who can offer a specialized perspective on the issues now before it, as it has

already allowed the National Rifle Association to participate as *amicus curiae*. *See* Dkt. No. 44 (May 5, 2012) (Order Granting National Rifle Association's Motion for Amicus Curiae Status).

## II.    LCAV'S EXPERTISE WILL BENEFIT THIS COURT

LCAV is a national law center dedicated to preventing gun violence. Founded by a group of Bay Area lawyers in the wake of an assault weapon massacre at a San Francisco law firm in 1993, LCAV provides legal and technical assistance to state and local governments seeking to adopt or defend laws to reduce gun violence. LCAV tracks and analyzes federal, state, and local firearms legislation, as well as legal challenges to firearms laws nationwide.

Based on LCAV's steadfast commitment to preventing gun violence and its unique expertise in analyzing firearms legislation, LCAV has issued seminal publications on state and federal firearms policy and provided informed analysis in a myriad of firearms related cases, most notably *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010). LCAV also filed *amicus curiae* briefs in recent Ninth Circuit appeals concerning California laws regulating concealed carrying of firearms in public places. *See Peruta v. County of San Diego*, No. 09-cv-2371 (9th Cir.) (appeal of 758 F. Supp. 2d 1106 (S.D. Cal. 2010)); *Richards v. County of Yolo*, No. 09-cv-01235 (9th Cir.) (appeal of 821 F. Supp. 2d 1169 (E.D. Cal. 2011)). Accordingly, LCAV has particular expertise regarding the regulatory and constitutional issues presented in this case.

This motion should also be granted because LCAV will present a unique perspective in evaluating the constitutionality of Section 25850 (formerly Section 12031) and Section 26150 *et seq.* (formerly Section 12050) of the California Penal Code. LCAV's *amicus* submission will offer, among other things, a survey of relevant English and American history regarding the right to bear arms and the scope of laws regarding the carrying of weapons in public, which are relevant to the constitutional issues here. *See Nat'l Petrochemical & Refiners Ass'n*, 2010 U.S. LEXIS 61394, at *5 (noting district courts generally welcome amicus participation when the amicus offers unique information or perspective on the question at hand).

## III. CONCLUSION

For the foregoing reasons, LCAV respectfully requests that the Court grant leave for LCAV to participate as *amicus curiae* and submit a brief in connection with any dispositive motions filed in this action.

DATED: June 7, 2012           COVINGTON & BURLING LLP

By: _____/s/_____
Simon J. Frankel
Attorneys for Amicus Curiae Applicant
LEGAL COMMUNITY AGAINST VIOLENCE